UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LLC ENERGOALLIANCE,<br><br>                    Petitioner,<br><br>         v.<br><br>REPUBLIC OF MOLDOVA,<br><br>                    Respondent. | Civil Action No. 14-cv-1921-CRC |

### MOTION TO SUBSTITUTE LLC KOMSTROY FOR LLC ENERGOALLIANCE

COMES NOW Petitioner LLC Energoalliance ("Energoalliance"), through its attorneys, Arnall Golden Gregory LLP, and respectfully requests that the Court substitute LLC Komstroy ("Komstroy"), a Ukrainian limited liability company, as Petitioner in this matter pursuant to Fed. R. Civ. Pro. 25 (c). Komstroy acquired all of Energoalliance's assets and liabilities and Energoalliance has ceased to exist as a separate entity. Accordingly, Energoalliance requests that "LLC Komstroy, as successor-in-interest to LLC Energoalliance," be substituted as the proper Petitioner in this matter.[1]

**I.      BACKGROUND**

This case was commenced by Energoalliance, a Ukrainian company, by filing the Petition to Confirm Arbitration Foreign Arbitral Award against the Republic of Moldova on November 14, 2014.  Energoalliance's sole claim seeks to recognize and enforce an award against the Republic of Moldova issued in Paris, France on October 25, 2013 by an *ad hoc* arbitral tribunal

---

[1] The undersigned attorneys shall remain counsel of record for LLC Komstroy.

- 2 -

pursuant to the UNCITRAL Arbitration Rules (the "Arbitral Award").  The Arbitral Award requires the Republic of Moldova to pay to Energoalliance a sum in excess of US$46 million for damages arising out of breaches of its obligations under the Energy Charter Treaty, an international convention to which the Republic of Moldova is a party.

Subsequent to filing of the petition, Komstroy, also a company organized in Ukraine, became the successor-in-interest to all assets of Energoalliance.  The assets received by Komstroy included all rights in the Arbitral Award.  The assignment was accomplished as a result of a complex corporate reorganization which involved the dissolution of Energoalliance and took almost a year to complete.

The reorganization was launched on December 2, 2013, when the members of Energoalliance and Komstroy adopted resolutions authorizing their respective companies to execute an Agreement on the Procedures for Reorganization of Energoalliance, LLC by Merger with Komstroy, LLC (the "Reorganization Agreement"). *See* Sarnatsky Decl. ¶ 6. Prior to the reorganization, the sole member of Energoalliance was LLC Avtosila, a privately-held Ukrainian limited liability company and the sole member of Komstroy was Mr. Dmitry Sarnatsky. *See id*. ¶ 5. The Reorganization Agreement, which Komstroy and Energoalliance executed on December 3, 2013, contained a provision providing for a transfer of all assets and liabilities of Energoalliance to Komstroy. *See id*. ¶ 9. The assignment would become effective upon completion of the reorganization when all assets, rights, and liabilities of LLC Energoalliance were to be transferred to LLC Komstroy. *Id.* This specifically includes all of LLC Energoalliance's disputed rights and obligations, including the debt owed to LLC Energoalliance by the Republic of Moldova as evidenced by Arbitral Award. *Id*.

The reorganization was completed on November 20, 2014, when the amended charter of Komstroy was registered with the Ukrainian state registration office. *See id*. ¶ 10. The amended charter specifically provided that

> **Limited Liability Company** "KOMSTROY" (hereinafter - the Company), created as a result of the accession of the Limited Liability Company "Energoalliance" … to Limited Liability Company "KOMSTROY" … and is the sole legal successor in respect of all rights and obligations of Limited Liability Company "Energoalliance" …, for all its creditors and debtors including obligations contested by the parties, and all assets and liabilities of the Limited Liability Company "Energoalliance" … and operates in accordance with Civil Code of Ukraine, the Economic Code of Ukraine, laws of Ukraine "On Business Associations", "On Foreign Economic Activity" and other legislative acts of Ukraine and Articles of Association, which is its sole founding document.

Lych Decl. ¶ 23. Pursuant to Ukrainian law, the provisions of the charter became effective as of November 20, 2014, which is when Komstroy became successor to all of the assets, rights and obligations of LLC Energoalliance. *See id*. ¶ 24. The rights of LLC Energoalliance included the right to collect the debt against the Republic of Moldova established by the Arbitral Award. *Id.* Accordingly, Komstroy has the capacity to continue this lawsuit as a matter of Ukrainian law.

## II.     DISCUSSION

### A.     Legal Standard for Motion to Substitute

Fed. R. Civ. Pro. 25 (c) authorizes substitution for the original party to the lawsuit "[i]f an interest is transferred." Under the Federal Rules substitution is not mandatory, as "the action may be continued by or against the original party unless the court . . . orders the transferee to be substituted[,]" even after the original party's interest in the action has been transferred. *Id.*; *FDIC v. SLE, Inc.*, 722 F.3d 264, 268 (5th Cir. 2013) ("Rule 25(c) includes permissive language, and does not require transferees to substitute in an action. . . . [N]either Rule 25(a)(3) nor (c) *require* a party to move to substitute. Simply put, to read a substitution requirement into Rules 25(c) and

(a)(3) misconstrues their plain terms."). Although the rule gives no definition of "transfer of interest," it is well settled that it applies when a party transfers all the assets of a business to another entity, and the transferee carries on essentially the same business. See *Lucero v. Trosch*, 121 F.3d 591, 596 (11th Cir. 1997); *see also Virgo v. Riviera Beach Assocs.*, 30 F.3d 1350, 1358 (11th Cir. 1994) (the transfer of all assets of corporation to another intimately related corporation was sufficient basis for substitution of one corporation for another as a party). Substitution is appropriate in situations involving corporate restructuring in which one corporation cease to exist and another entity has taken over its rights and obligations.  See *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) ("A "transfer of interest" in a corporate context occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit.").

### B. Substitution is Appropriate in this Case

Here, the interest in this lawsuit is based on a debt owed to Energoalliance by the Republic of Moldova pursuant to the Arbitral Award.  Energoalliance was the original party in French arbitral proceedings giving rise to the Arbitral Award and is an original petitioner in this lawsuit. The sole claim in this proceeding is confirmation and enforcement of the Arbitral Award in favor of Energoalliance and against the Republic of Moldova in the United States.  However, the debt on which that claim is based was transferred from Energoalliance to Komstroy as a part of corporate restructuring which became effective on November 20, 2014. In effect, Komstroy has now taken over all rights and obligations held by Energoalliance. This transaction constitutes a "transfer of interest" as contemplated by Rule 25(c).

Energoalliance, the original petitioner, is closely related to Komstroy through common ownership and the transfer of all Energoalliance's assets.  Prior to the reorganization, the sole owner of Energoalliance was LLC Avtosila, a privately-held Ukrainian limited liability compa-

ny, and the sole owner of Komstroy was an individual, Dmitry Sarnatsky. *See* Sarnatsky Decl. ¶ 5. Both LLC Avtosila and Mr. Sarnatsky are proportionate co-owners of Komstroy post-reorganization. *See id*. ¶ 11. Likewise, all of the assets of Energoalliance, including all debts owed to Energoalliance whether disputed or not, have been transferred to Komstroy as a matter of Ukrainian law. *See* Lych Decl. ¶ 24. Thus, the reorganization here comports with *Virgo*, where a party substitution was permitted for companies which maintained an "intimate relationship," and with *Luxliner*, where there was a "transfer of interest" due to corporation succession by merger or other acquisition. See

  While the power to substitute a party under Rule 25 (c) is discretionary (*See Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 482 (D.C. Cir. 1996)), the exercise of discretion is warranted where, as here, "valuable property rights involved in litigation could simply disappear." *United States use of Acme Granite & Tile Co. v. F. D. Rich Co.*, 437 F.2d 549, 552 (9th Cir. 1970). "Such a result would be at odds with both common sense and state law." *Id*. In this matter, as discussed by Mr. Lych, a qualified Ukrainian attorney with 12 years of experience, Ukrainian law could adversely impact the rights of the Petitioner if this motion is not granted. See Lych Decl. ¶ 25. After the corporate reorganization was fully consummated on November 20, 2014, *all* rights in the Arbitral Award under Ukrainian law were transferred to Komstroy. Energoalliance no longer exists as a formal or practical matter and, under Ukrainian law, has no legal power to proceed with this lawsuit, which could call into question any collections based on the enforcement of the Arbitral Award in this court. This is particularly true where, as here, Respondent contends that Energoalliance lacks the power to continue this action. *See* ECF 12 unnumbered page 2.

As Mr. Lych explains, if Komstroy is not substituted as a petitioner, it would have no legal power to provide instructions to the undersigned attorneys, execute documents relating to the lawsuit, or fulfill the financial obligations of the Petitioner, including paying filing fees or legal costs. *See* Lych at ¶ 25. It also could face issues with financial and tax reporting in Ukraine. *Id.* Komstroy substitution as a petitioner in this proceeding instead of Energoalliance would avert these potential adverse consequences. Additionally, timely substitution in this matter will promote judicial efficiency and forestall the future potential for disputes over enforcement of the Arbitral Award.

### C. Komstroy is a Party to Legal Proceedings Relating to the Arbitral Award Worldwide

#### 1. *Proceedings in France*

After the Arbitral Award was issued on October 25, 2013, Respondent initiated a court proceeding in the Paris Court of Appeal seeking to set aside the Arbitral Award on November 25, 2013. Lebars Declaration at ¶ 18. This annulment proceeding initially was brought against Energoalliance. *See id.* at ¶ 19 (noting that Energoalliance submitted its response to Moldova's statement of claim on August 22, 2014). In a rejoinder issued on March 2, 2015, Komstroy informed Respondent of the reorganization and that Komstroy was the new respondent in the annulment proceedings. *Id.* at ¶ 29. On March 4, 2015, Respondent requested a production of documents related to the reorganization, *id.* at ¶ 30; Komstroy produced extracts of the deed of transfer to Respondent on March 17, 2015, and a certified copy of the deed of transfer, along with certified translation, on June 18, 2015. *Id.* at ¶¶ 30, 34. At a January 28, 2016 hearing, the Paris Court of Appeal indicated that there was no longer a dispute as to the substitution of Komstroy for Energoalliance, and Respondent agreed. *Id.* at ¶ 35.

## 2. *Enforcement Proceedings in Belgium*

On February 13, 2015, Komstroy filed a petition in its own name with the Brussels Court of First Instance requesting the issuance of an *exequatur,* i.e. "a decision granting executory force and allowing enforcement of the arbitral award in Belgium." Declaration of Stan Brijs at ¶ 11. The Brussels Court issued the requested *exequatur* on February 17, 2015. *Id.* On May 15, 2015, Respondent filed an opposition to the *exequatur*. *Id.* at ¶ 12. Although Komstroy obtained the *exequatur* in its own name, rather than that of Energoalliance, Respondent never objected to the issuance of the *exequatur* on those grounds. *Id.* at ¶ 18.

## 3. *Enforcement Proceedings in the Russian Federation*

Prior to the reorganization, Energoalliance commenced enforcement proceedings in the Russian Federation; these proceedings were accepted by the Arbitrazh Court of the City of Moscow on August 27, 2014. *See* Second Declaration of Viacheslav Lych at ¶ 8. On April 9, 2015, the Arbitrazh Court issued an order substituting Komstroy for Energoalliance based on Komstroy's status as successor-in-interest of Energoalliance. *Id.* at ¶ 9. The Arbitrazh Court specifically noted that Komstroy submitted documents evidencing the restructuring of Energoalliance. *Id.* at ¶ 9.

## III. **CONCLUSION**

LLC Komstroy is a successor in interest of all assets and liabilities of LLC Energoalliance. While Petitioner believes that it is not required to be substituted at this juncture under the law of the United States, in order to address an issue continuing lawsuit in the name of Energoalliance raised by the Respondent and to ensure the future enforceability under Ukrainian law of any judgment issued as a result of this proceeding, Petitioner respectfully requests that this Court reach a conclusion that conforms with that already reached by courts in France and the Russian

Federation and that is consistent with proceedings before Belgian courts and substitute "LLC Komstroy, as Successor-in-Interest to LLC Energoalliance" as Petitioner in this matter.

Respectfully submitted,

Dated: February 8, 2016

By: /s/ *Gene M. Burd*
Gene M. Burd     (D.C. Bar No. 1004330)
Eric D. Olson     (D.C. Bar No. 1004365)
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC  20006
Telephone:   202.677.4048
Facsimile:   202.677.4049
gene.burd@agg.com
eric.olson@agg.com

*Attorneys for Petitioner
LLC Energoalliance and its Successor-in-Interest, LLC Komstroy*

Of counsel:

Glenn P. Hendrix (*pro hac vice*)
Georgia Bar No. 346950
Arnall Golden Gregory LLP
171 17th Street NW
Suite 2100
Atlanta, GA 30363
glenn.hendrix@agg.com

**Certification Pursuant to LCvR 7(m)**

The undersigned hereby certifies that, on February 8, 2016, I contacted Respondent by electronic mail at constantin.cachita@justice.gov.ml seeking consent to the instant motion. As of the time of filing this document, Respondent had not responded.

Dated: February 8, 2016

/s/ *Gene M. Burd*
Gene M. Burd

- 9 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LLC ENERGOALLIANCE,**<br><br>   *Petitioner,*<br><br> v.<br><br>**THE REPUBLIC OF MOLDOVA,**<br><br>   *Respondent.* | **Civil Action No. 1:14-cv-01921-CRC** |

## CERTIFICATE OF SERVICE

 I, the undersigned, hereby certify that the foregoing Motion to Substitute was filed on the ___ day of February 2016 on the Court through the ECF filing system. I further certify that the foregoing document was also served, in compliance with Rule 5, by mailing a true and correct copy to the Respondent Republic of Moldova at the following address:

  Ministry of Justice of the Republic of Moldova
  82, 31 August 1989 Street
  Chisinau, MD-2033, Republic of Moldova

I further certify that the foregoing document was also served on Respondent via the following email address, which Respondent has used to contact Petitioner's counsel in the past: constantin.cachita@ justice.gov.md.


               /s/ *Gene M. Burd*
               Gene M. Burd, Esq.