UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LLC ENERGOALLIANCE,<br><br>　　　　*Petitioner,*<br><br>v.<br><br>REPUBLIC OF MOLDOVA,<br><br>　　　　*Respondent.* | Case No. 1:14-cv-01921 (CRC) |

**PETITIONER'S REPLY TO RESPONDENT'S
POSITION THAT THE STAY SHOULD NOT BE LIFTED**

DATED: October 17, 2018

Gene M. Burd
Bradford J. Kelley
**Arnall Golden Gregory LLP**
1775 Pennsylvania Avenue, N.W.
Suite 1000
Washington, D.C. 20006
202-677-4048
gene.burd@agg.com
*Counsel for Petitioner*

12740278v1

# **TABLE OF AUTHORITIES**

INTRODUCTION ..................................................................................................................1

ARGUMENT..........................................................................................................................2

    A.  New York Convention Does Not Permit Stay of Recognition ............................3

    B.  The *Europcar* Factors Weigh Strongly Against A Stay .......................................3

CONCLUSION.......................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*\* Belize Soc. Dev. Ltd. v. Gov't of Belize*,
   668 F.3d 724 (D.C. Cir. 2012)..................................................................................................2,

*Comm'ns Imp. Exp. S.A. v. Republic of the Congo*,
   757 F.3d 321 (D.C. Cir. 2014) ..................................................................................................2

*Gold Reserve Inc. v. Bolivarian Republic of Venez.*,
   146 F. Supp. 3d 112 (D.D.C. 2015) .........................................................................................2

*Hoai v. Sun Ref. & Mktg. Co.*,
   866 F.2d 1515 (D.C. Cir. 1989) ...............................................................................................2

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..................................................................................................................2

*\* Chevron Corp. v. Republic of Ecuador*,
   949 F. Supp. 2d 57 (D.D.C.) ....................................................................................................3

*\* Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*,
   156 F.3d 310 (2d Cir. 1998).....................................................................................................4

*Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*,
   697 F. Supp. 2d 46 (D.D.C. 2010) ...........................................................................................4

*G.E. Transp. S.p.A. v. Republic of Albania*,
   693 F. Supp. 2d 132 (D.D.C. 2010) ...............................................................................…4, 5

**Statutes**

9 U.S.C. § 207..................................................................................................................................3

\* Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T.
   2517, T.I.A.A. 6997, 330 U.N.T.S. ……………………………………………………………3

The Energy Charter Treaty of December 17, 1994, 2080 U.N.T.S. 95, 34 ILM 360 (1995)……..5

Pursuant to this Court's Order dated October 3, 2018 (ECF No. 36), LLC Komstroy, successor-in-interest to Petitioner LLC Energoalliance (the "Petitioner") hereby replies to Respondent's position that the stay should not be lifted because the matter has been remanded to the Court of Appeal of Paris for reconsideration by a new panel of judges.

## INTRODUCTION

The Court is referred to the Petitioner's Motion to Lift Stay and Re-Open the Case (ECF No. 33) ("Motion to Lift Stay") and accompanying Memorandum of Points and Authorities for factual and procedural background as well as discussion of the present status of the arbitral award (the "Award"). Moldova chose not to respond to the Motion to Lift Stay but, rather, delivered to the Court a one-page letter entitled Motion to Extend the Stay seeking a stay of the instant recognition and enforcement action pending the outcome of the set-aside proceeding before the Court of Appeal of Paris. (ECF No. 35).[1] Moldova's Motion is a one-page document devoid of factual background and legal analysis. Importantly, Moldova failed to provide any evidence that the execution of the award based on the *exequatur* issued on June 30, 2014 (*see* Lych Declaration, Ex. A-C (ECF No. 1-3)) has been stayed. Because there is no evidence that a stay was granted in any other jurisdiction, a stay would be inappropriate here. Moreover, as discussed in the Motion to Lift Stay and below, a lift of the stay is warranted in light of the *Europcar* factors.

---

[1] Moldova chose to ignore this Court's rules by failing to enter appearance by counsel admitted to practice before this Court. Further, pursuant to LCvR 7(b) if the memorandum of points and authorities in opposition to the motion is not filed with 14 days of service, the Court may treat the motion as conceded.

## ARGUMENT

The Court should deny Respondent's request to stay and consider the Petition on the merits forthwith. Both the Supreme Court and D.C. Circuit have instructed that this Court, in considering a motion to stay, must be mindful of two fundamental considerations: The mandate providing that district courts are under an "unflagging obligation" to exercise the jurisdiction conferred upon them, and the corresponding policy considerations favoring prompt resolution of international disputes referred to arbitration. *See Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 615, 665 (1985)); *see also Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *Hoai v. Sun Ref. & Mktg. Co.*, 866 F.2d 1515, 1519 (D.C. Cir. 1989) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983)); *Gold Reserve Inc. v. Bolivarian Republic of Venez.*, 146 F. Supp. 3d 112, 120, 134 (D.D.C. 2015); *Comm'ns Imp. Exp. S.A. v. Republic of the Congo*, 757 F.3d 321, 330 (D.C. Cir. 2014).

These black letter principles create a presumption against stays, particularly in cases, such as this one, involving the recognition of foreign arbitral awards. While Petitioner does not dispute that this Court, under specified circumstances, enjoys a limited degree of discretion under the New York Convention to impose a stay when certain conditions are present, the law is clear that because a stay constitutes a deliberate forbearance by the Court from exercising its jurisdiction, it is not Petitioner's burden to demonstrate the inappropriateness of a stay, but rather the Respondent's burden to justify its appropriateness in a given case. *Belize*, 668 F.3d at 733. The Respondent's request cannot bear the weight of this burden, for the following reasons: First, the Court of Cassation reinstated the Award, and Respondent does not dispute that the Award is final and binding. Second, in light of the *Europcar* factors, a stay is not warranted.

The Federal Arbitration Act ("FAA") requires courts to "confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. *See Chevron Corp. v. Republic of Ecuador*, 949 F. Supp. 2d 57, 72 (D.D.C.), *judgment entered*, 987 F. Supp. 2d 82 (D.D.C. 2013), *and aff'd sub nom. Chevron Corp. v. Ecuador*, 795 F.3d 200 (D.C. Cir. 2015), *cert. denied.* 136 S. Ct. 2410 (June 6, 2016) ("the UNCITRAL Rules, and the New York Convention … require immediate satisfaction of arbitral awards").

### A.     New York Convention Does Not Permit Stay of Recognition

Although district courts have the discretion to grant a stay of *enforcement*, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.A. 6997, 330 U.N.T.S. 3 (the "New York Convention" or "Convention") does not authorize a stay of the *recognition* of an award. The plain language of Article VI of the New York Convention provides that a court may "adjourn the decision on the enforcement of the award…" In its title and throughout the New York Convention, its drafters referred to "recognition" and "enforcement" separately. *See* Articles I(1), I(3), III, IV(1), IV(2), V(1), V(2), VII(1), and XIII(3). Clearly, there is a distinction between *recognition* and *enforcement* of arbitral awards under the Convention. Thus, while the Convention authorizes a court to stay enforcement of an award, a stay of recognition is not authorized. Accordingly, the Court has no authority to stay enforcement of the Award.

### B.     The *Europcar* Factors Weigh Strongly Against A Stay

A stay is not "proper" unless it promotes the goals of arbitration—the expeditious resolution of disputes and the avoidance of protracted and expensive litigation—and avoids "acting im-

providently by enforcing the award prior to the completion of the foreign proceedings." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310 (2d Cir. 1998). The Second Circuit has enumerated six factors to consider in conducting this balancing test.

> (1) the general objectives of arbitration…;
> (2) the status of the foreign proceedings and the estimated time for those proceedings to be resolved;
> (3) whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review;
> (4) the characteristics of the foreign proceedings including (i) whether they were brought ... to set the award aside (which would tend to weigh in favor of enforcement) ... and (iv) whether they were initiated under circumstances indicating an intent to hinder or delay resolution of the dispute;
> (5) a balance of the possible hardships to the parties ...; and
> (6) any other circumstance that could tend to shift the balance in favor of or against adjournment....

*Id.* at 317-318.

The Second Circuit further held that the first and second factors should be given more weight because the primary goal of the Convention is to facilitate the recognition and enforcement of arbitral awards. *Europcar*, 156 F.3d at 318. The court cautioned that "[a] stay of confirmation should not be lightly granted lest it encourage abusive tactics by the party that lost in arbitration." *Id.* at 317.

District courts in this Circuit have applied the *Europcar* six-factor test in determining whether to grant a stay under Article VI of the New York Convention. *See Chevron Corp*, 949 F. Supp. 2d at 71-72; *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 697 F. Supp. 2d 46, 59-60 (D.D.C. 2010); *G.E. Transp. S.p.A. v. Republic of Albania*, 693 F. Supp. 2d 132, 137-38

(D.D.C. 2010). Here, the six *Europcar* factors weigh heavily in favor of denying Moldova's request for a stay.[2]

The first factor, the general objectives of arbitration, weighs strongly in favor of confirmation. The Energy Charter Treaty of December 17, 1994, 2080 U.N.T.S. 95, 34 ILM 360 (1995) applicable the Award, the UNCITRAL Rules, and the New York Convention, all require immediate satisfaction of arbitral awards. *See Chevron*, 949 F. Supp. 2d at 71. Petitioner submitted its Notices of Arbitration to Moldova almost eight years ago, a delay that surely does not constitute an "expeditious resolution" of the dispute, which originated in the late 1990s. *See G.E. Transp. S.P.A. v. Republic of Albania*, 693 F. Supp. 2d 132, 139 (D.D.C. 2010) (finding that a four-year delay "plainly weigh[ed] in favor of confirmation rather than adjournment").

Likewise, the second factor, the status of the foreign proceedings, militates strongly in favor of confirmation: although the proceeding in the Paris Court of Appeal is ongoing, the *Cour de cassation* reversed the Paris Court of Appeal decision that set aside the Award. Given that the initial appeal took almost two years to resolve, it is likely that it may take until 2020 or even longer for the Court of Appeal to consider the remanded case. Additionally, the possibility of a second appeal in the *Cour de cassation* could add another two years or so. Thus, the delay in enforcement could extend to as long as ten or more years if this Court does not re-open this case immediately.

The third factor, the comparative level of scrutiny that the Award will receive in the French court is irrelevant here because the issue of public policy raised by Respondent Moldova in France does not apply in this matter. The Court of Appeal's decision indicates that Moldova

---

[2] For the Court's convenience, the following discussion of the *Europcar* factors has been reitered here based on the Petitioner's Motion to Lift Stay (ECF No. 33).

raised two issues in the French set aside proceedings: first, that the Arbitration Tribunal lacked jurisdiction over the dispute; and second, that recognition and enforcement of the Award would be against international public order. *Cour d'appeal Paris*, 1e ch., Apr. 12, 2016. ECF No. 21-1 at 6. The first challenge—lack of jurisdiction—which was also raised by Respondent in its "Reference," (ECF No. 12 at 2), was considered and rejected by the *Cour de cassation*. The second ground—public policy exception— does not appear to be addressed by Respondent in its Reference.[3]

The fourth factor militates in favor of lifting the stay because the proceedings in France were initially commenced to vacate the Award.

The fifth factor, balance of hardships, strongly counsels in favor of immediate confirmation. This dispute is almost a decade old, and the arbitration itself began almost eight years ago. Although Petitioner will be entitled to prejudgment interest, which would continue to accrue in the event of a stay, that is not enough to offset its continued inability to obtain enforcement of its award. *See Chevron*, 949 F. Supp. 2d at 72 (holding that the balance of hardships and "interests of justice" strongly favor immediate confirmation of the award).

Accordingly, based on the *Europcar* factors, this Court should lift the stay and re-open the case. Alternatively, if the Court declines to grant this Motion and re-open the case, Petitioner hereby requests, pursuant to Article VI of the New York Convention, that the Court issue an order requiring Respondent Moldova to provide suitable security. New York Convention art. VI.

---

[3] The "Reference" cites Article V(2) of the New York Convention, which includes reference to the public policy grounds, but Respondent does not explain what relevant public policy grounds apply to the recognition of the Award in the instant case.

## **CONCLUSION**

In light of this Court's "unflagging obligation" to exercise its jurisdiction and the corresponding policy consideration favoring prompt resolution of international disputes referred to arbitration, and in light of *Europcar* factors militating against a stay, the Court should deny Respondent's request to stay this matter.

Dated: October 17, 2018                              Respectfully submitted,

*Counsel for Petitioner LLC Komstroy*

*/s/ Gene M. Burd*
By:   Gene M. Burd (D.C. Bar No. 1004330)
      Bradford J. Kelley (D.C. Bar No. 1025941)
      ARNALL GOLDEN GREGORY LLP
      1775 Pennsylvania Ave., NW
      Suite 1000
      Washington, DC  20006
      Tel.: 202-677-4048
      Fax: 202-677-4049
      gene.burd@agg.com
      bradford.kelley@agg.com