**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**LLC KOMSTROY, as successor in interest**
**to LLC ENERGOALLIANCE**,

Petitioner,

v.

**REPUBLIC OF MOLDOVA**,

Respondent.

Case No. 14-cv-1921 (CRC)

---

**MEMORANDUM OPINION**

On August 23, 2019, the Court issued a memorandum opinion confirming a foreign arbitral award in Petitioner's favor but deferred issuing a final judgment. Because the award had to be converted from Moldovan lei to U.S. dollars and updated to reflect the prejudgment interest that had accrued since the award was issued on October 25, 2013, the Court postponed determining the total amount of the judgment and solicited supplemental briefing from the parties on that question. However, the Order accompanying that memorandum opinion inadvertently and erroneously stated that the Order was final and appealable.

Petitioner LLC Komstroy filed a brief detailing its calculation of a proposed total judgment amount. Mot. for J. at 2; id. Ex. A & B. Instead of responding to Petitioner's calculations, Respondent Republic of Moldova ("Moldova") appealed the Court's August 23, 2019 Order and submitted a response in which it argued that the Court no longer had jurisdiction due to its prior issuance of a "final appealable order." Response at 1–2. In reply, Petitioner moved to strike Moldova's response for failing to comply with the Court's order instructing the parties to submit briefing on the total judgment amount. Reply at 1–2. In the alternative, Petitioner sought leave to respond to Moldova's argument that the Court lacks jurisdiction. Id.

As a threshold matter, this Court retains jurisdiction to determine the amount of the judgment. Although the Order accompanying the August 23, 2019 Memorandum Opinion stated that it was a final appealable order, that statement was a clerical error. As such, contrary to Moldova's argument, the Court's designation of that Order as "final and appealable" did not instantly divest this Court of jurisdiction. See Ciralsky v. C.I.A., 355 F.3d 661, 667 (D.C. Cir. 2004) (noting that a district court's characterization of an order as "a final appealable order" did not bind the Circuit). The August 23, 2019 Order plainly was not final because it did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment," Franklin v. D.C., 163 F.3d 625, 628 (D.C. Cir. 1998) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)), given that the Order expressly indicated that the Court still needed to calculate the final judgment amount. In actions seeking damages, "a final judgment in a Petitioner's favor declares not only liability but also the consequences of liability—what, if anything, the Moldovas must do as a result." Id. (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742 (1976)). The August 23, 2019 Order "established [Moldova's] liability, but it granted no relief, it imposed no obligations on [Moldova], [and] it did not say, as final decisions in such cases must, 'who is entitled to what from whom.'" Id. (quoting Horn v. Transcon Lines, Inc., 898 F.2d 589, 591 (7th Cir. 1990)). "It therefore was not a final judgment subject to appeal." Id.; see also id. (An order "adjudging liability but leaving the quantum of relief still to be determined has been a classic example of non-finality and non-appealability from the time of Chief Justice Marshall to our own." (quoting Taylor v. Board of Educ., 288 F.2d 600, 602 (2d Cir. 1961) (Friendly, J.)). Accordingly, this Court retained jurisdiction to consider the total amount of the judgment notwithstanding Moldova's appeal.

Turning to the amount of the final judgment, the Court finds that the properly converted amount of the arbitral award, pre-interest, is $46,426,089.38 in U.S. Dollars ("USD"), based on a conversion rate of 12.9207 (the rate that existed on the date the arbitral award was issued, October 25, 2013) and the attorney fees and arbitration costs awarded by the arbitration tribunal, which were assessed in USD. Further, the Court finds that Petitioner is entitled to prejudgment interest in the amount $12,164,969.12 USD, which was calculated using the average prime interest rate between October 25, 2013 (the date that the arbitral award was issued) and October 2, 2019 (the date of judgment). In total, Petitioner is presently entitled to a judgment in the amount of $58,591,058.50 USD.[1] Additionally, Petitioner is entitled to post-judgment interest starting on October 2, 2019, pursuant to 28 U.S.C. § 1961.

For the foregoing reasons, the Court will grant Petitioner's Motion to Affirm the arbitral award in the amount of $58,591,058.50 USD. The Court denies Petitioner's Motion to Strike as moot. A separate Order shall accompany this memorandum opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: October 2, 2019

_____

[1] The Court calculated the total amount of the award using the formula $M = P*(1 + i)^n$, where "P" is a principal amount of the award, "i" is the annual rate of interest, and "n" is the number of years that interest ran to determine compound prejudgment interest. See Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria, 932 F. Supp. 2d 153, 166 n.7 (D.D.C. 2013), aff'd 603 Fed. App'x 1 (D.C. Cir. 2015). As is "standard practice," this formula compounds prejudgment interest annually. Id.