# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LLC SPC STILEKS** | |
| *Petitioner,* | **Case No. 1:14-cv-01921 (CRC)** |
| **v.** | |
| **THE REPUBLIC OF MOLDOVA,** | |
| *Respondent.* | |

## FIFTH DECLARATION OF GENE M. BURD

I, Gene M. Burd, declare as follows:

1.    I am a partner at the law firm FisherBroyles LLP, counsel for LLC SPC Stileks ("Stileks").

2.    I am over the age of 21, and I am competent to make this Declaration.

3.    This Declaration is made upon personal knowledge, information, or belief, and insofar as it is made upon information or belief, I believe the same to be true.

4.    I submit this declaration in support of LLC SPC Stileks's Motion to Compel Production of Documents and Answers to Interrogatories (the "Motion").

5.    Attached hereto are true and correct copies of the following exhibits cited in the Motion:

| | |
|---|---|
| Exhibit 1 | Petitioner's First Set of Requests for Production of Documents to Respondent Moldova, dated May 27, 2022 |
| Exhibit 2 | Petitioner's First Set of Interrogatories to Respondent Moldova, dated May 27, 2022 |

Exhibit 3                    Moldova's Objections and Responses to Petitioner's First Set of
                             Requests of Production, dated July 18.

Exhibit 4                    Email from Gene M. Burd to Quinn Smith, dated July 29, 2022.

Exhibit 5                    Email from Gene M. Burd to Quinn Smith, dated October 11,
                             2022.

Exhibit 6                    Email from Gene M. Burd to Quinn Smith, dated October 18,
                             2022.


        I declare under the penalty of perjury that the foregoing is true and correct.


Dated: October 19, 2022
Washington, D.C.

                                            By: /s/ *Gene M. Burd*
                                               Gene M. Burd

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LLC SPC STILEKS,** | Case No. 1:14-cv-01921 (CRC) |
| *Petitioner,* | |
| v. | |
| **THE REPUBLIC OF MOLDOVA,** | |
| *Respondent.* | |

## PETITIONER'S FIRST SET OF REQUESTS FOR
## <u>PRODUCTION OF DOCUMENTS TO RESPONDENT MOLDOVA</u>

Pursuant to Rules 26, 34, and 69 of the Federal Rules of Civil Procedure and the Local Court Rules of the United States District Court for the District of Columbia (the "Local Rules"), Petitioner LLC SPC STILEKS ("Stileks"), by and through its undersigned counsel, hereby requests that Respondent Moldova produce for examination, inspection, and copying within thirty (30) days after service of these Requests, or at such other time as the parties mutually agree, all Documents described below at the law offices of FisherBroyles LLP, Attn: Gene M. Burd, gene.burd@fisherbroyles.com, 19 Olney Sandy Spring Rd., PO Box 21, Ashton MD 20861 in accordance with the Definitions and Instructions set forth below.

### DEFINITIONS

1.      The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are hereby incorporated and apply to the requests for the production of Documents set forth herein (the "Requests," and each, an "Request"). These definitions apply throughout these Requests without regard to capitalization. Stileks reserves the right to deliver and

serve additional Requests. As used in the Requests, the words set forth below shall be defined as follows.

2.    "Account" or "Accounts" refer to all presently existing and hereafter arising accounts, including, but not limited to, accounts receivable, contract receivables, receivables of any kind, brokerage accounts, and deposit accounts.

3.    "Action" refers to the above-captioned action in the District of Columbia.

4.    "Communication" refers to the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.    "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

7.    "Identified State Controlled Entities" refers to each of the National Bank of Moldova, Public Property Agency of the Republic of Moldova, Serviciul Fiscal De Stat, Agentia de Guvernare Electroica, Moldovatransgaz LLC, Naval Agency of the Republic of Moldova, Serviciul Technologia Informației și Securitate Cibernetică, Calea Ferată din Moldova, Interprinderea de Stat Combinatul de Vinuri de Calitate Milestii Mici, and Air Moldova.

8.    "Identify," when used with respect to Persons, means to give, to the extent known: (i) the Person's full name; (ii) the Person's present or last known address; and (iii) when referring to a natural person, additionally, the Person's present or last known place of employment.

9.    "Identify," when used with respect to Documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

10.    Interrogatory" or "Interrogatories" refer to the Interrogatories set forth in Petitioner's First Set of Interrogatories to Respondent Moldova, dated May 27, 2022, and served pursuant to Fed. R. Civ. P. 33 in connection with the Action.

11.    "MOLDOVA," "You," and "Your" refer to the Respondent Republic of Moldova, as well as its agencies, instrumentalities, ministries, political subdivisions, representatives, State Controlled Entities, alter-egos, and assigns, and all other Persons acting or purporting to act for or on Moldova's behalf, whether or not authorized to do so.

12.    "Person" or "Persons" refer to any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

13.    "Relevant Time Period" means January 1, 2021, through the present.

14.    "State Controlled Entity" or "State Controlled Entities" refer to any agency, corporation, department, ministry, subdivision or any other entity controlled directly or indirectly by MOLDOVA, or more than 50% of the equity or other ownership interest is directly or indirectly owned or held by MOLDOVA, including without limitation any Identified State Controlled Entities.

15.    "Stileks" refers to LLC SPC Stileks, its predecessors, successors, divisions, parent, subsidiaries, affiliates, and each person directly or indirectly, wholly, including in part, owned or controlled by it.

16.    To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, or neuter pronoun does not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any, all, each, and every; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense and vice versa; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in the Interrogatories.

## INSTRUCTIONS

1.    These Requests are continuing in nature, requiring supplemental production of Documents if You later identify additional Documents responsive to these requests pursuant to Federal Rules of Civil Procedure 26(e) and 34.

2.    In the event that any Document called for by these Requests has been destroyed or discarded, that Document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the Document's date, subject matter, number of pages, and attachments or appendices; (iv) all Persons to whom the document was distributed, shown or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for

destruction or discard; and (vi) the Persons authorizing and carrying out such destruction or discard.

3.      In complying with the Requests, You are required to produce all Documents described below which are in Your possession, custody, or control, including those Documents in the possession, custody, or control of Your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys and their agents, employees, representatives or investigators, or other Persons acting or purporting to act on your behalf, regardless of location.

4.      For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used should be given their most expansive and inclusive interpretation.

5.      Unless instructed otherwise, each Request should be construed independently and not by reference to any other Request for the purpose of limitation.

6.      If any portion of a Document is responsive to any Request, the entire Document should be produced. You must respond to each Request separately and fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated. If You object to part of a Request, You must produce all Documents responsive to the part of the Request to which You did not object.

7.      If You withhold any Document, or any portion of any Document, under a claim of privilege or other protection, You shall comply with Rule 26 of the Federal Rules of Civil Procedure.

8.      If any information is redacted from a Document produced in response to a Request, You shall identify the redaction by stamping the word "Redacted" on the Document at each place where information has been redacted and separately log each redaction on a privilege log.

9.      If You cannot respond to these Requests in full after exercising due diligence to secure the Documents requested, You shall so state and respond to the extent possible, specifying the reasons for and nature of Your inability to respond to the remainder.

10.      If there are no Documents responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

11.      If You believe that any Request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Request in order to frame Your response.

12.      Documents in electronic form, should be produced in accordance with the specification set forth in Appendix A.

13.      Unless otherwise instructed or clear from the context of the Request, these Requests seek responsive Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning, or in effect during, the Relevant Time Period.

## REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

Documents sufficient to identify all Accounts maintained outside the territory of Moldova in whole or in part in the name of MOLDOVA, beneficially held in whole or in part by MOLDOVA, for which MOLDOVA is a signatory, or through which funds are transferred by or to MOLDOVA.

### DOCUMENT REQUEST NO. 2

Documents sufficient to identify the current account balance, currency, and as-of date for all Accounts identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 3**

Documents sufficient to identify the transaction history for all Accounts identified in response to Interrogatory No. 1, beginning from January 1, 2019.

**DOCUMENT REQUEST NO. 4**

Documents Concerning all commercial or standby letters of credit in which MOLDOVA is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part outside the territory of MOLDOVA.

**DOCUMENT REQUEST NO. 5**

Documents Concerning outstanding loans for which MOLDOVA is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part outside the territory of Moldova.

**DOCUMENT REQUEST NO. 6**

Documents sufficient to identify any asset or property of any kind whatsoever, located in whole or in part outside the territory of Moldova, which MOLDOVA owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

**DOCUMENT REQUEST NO. 7**

Documents Concerning any asset or property of any kind whatsoever, located in whole or in part outside the territory of Moldova, to which MOLDOVA has asserted a claim, including Documents sufficient to identify any party outside MOLDOVA against which MOLDOVA has made such a claim.

**DOCUMENT REQUEST NO. 8**

All Documents and Communications Concerning the issuance of any securities or bond offering outside the territory of Moldova in which MOLDOVA participated or expects to participate as an issuer or seller in the period from January 1, 2016, to the present, including any agreements related to fiscal agent, trustee, or paying agent relationships.

**DOCUMENT REQUEST NO. 9**

For any offering identified in response to Interrogatory No. 5, Documents sufficient to identify the (a) type of security or bond, (b) the issuer, (c) the place(s) of issuance, (d) the date(s) of issuance, (e) the underwriter, and (f) the monetary value or other measure of amount.

**DOCUMENT REQUEST NO. 10**

Documents sufficient to identify each bank or financial institution identified in connection with Document Request No. 8, including: (a) its business address; (b) the name of MOLDOVA's principal contact; and (c) the approximate date of MOLDOVA's most recent Communication.

**DOCUMENT REQUEST NO. 11**

All organizational charts for the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State Controlled Entities.

**DOCUMENT REQUEST NO. 12**

Lists of all officers, directors, and governors of the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the

Civil Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State

Controlled Entities from January 1, 2019, to the present.

**DOCUMENT REQUEST NO. 13**

      All Documents reflecting officers, directors, or employees of the Identified

State Controlled Entities that concurrently held a position with MOLDOVA (the Public

Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure

and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest

Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers) from

January 1, 2019, to the present.

**DOCUMENT REQUEST NO. 14**

      All organizational documents for the Public Property Agency of the Republic

of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development,

Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil

Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State

Controlled Entities including, but not limited to, decrees, statutes, resolutions, charters and

articles of association.

**DOCUMENT REQUEST NO. 15**

      All corporate resolutions, board minutes, and stock certificates of the Identified

State Controlled Entities from January 1, 2019, to the present.

**DOCUMENT REQUEST NO. 16**

      Documents reflecting the Public Property Agency of the Republic of Moldova,

Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of

Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical

Authority, the Moldova's Cabinet of Ministers, and the Identified State Controlled Entities

from January 1, 2019, to the present, including any documents reflecting common office space, addresses, or telephone numbers.

## DOCUMENT REQUEST NO. 17

All Communications to, from, or among MOLDOVA, as defined above, concerning the repudiation, payment, or non-payment of the judgment in this Action, the arbitral award entered on October 25, 20013 in the *LLC Energoalliance v. Republic of Moldova* arbitration, or any other action to enforce that award.

## DOCUMENT REQUEST NO. 18

All Documents, including powers of attorney, Concerning the authority of officers, directors, and/or governors of the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State Controlled Entities to act on behalf of one another from January 1, 2019, to the present.

## DOCUMENT REQUEST NO. 19

All Documents Concerning the authority of MOLDOVA (including the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority), and Moldova's Cabinet of Ministers to determine policies of the Identified State Controlled Entities.

## DOCUMENT REQUEST NO. 20

All Documents Concerning the authority of MOLDOVA (including the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest

Moldova Agency, the Civil Aeronautical Authority), and Moldova's Cabinet of Ministers to direct or control acts or omissions of the Identified State Controlled Entities.

**DOCUMENT REQUEST NO. 21**

All Documents Concerning any obligations of MOLDOVA that were reviewed, approved, guaranteed, and/or paid by the Identified State Controlled Entities, or vice versa.

**DOCUMENT REQUEST NO. 22**

All Documents Concerning meetings or Communications pertaining to LLC Energoalliance, LLC Komstroy, or Stileks between or among MOLDOVA.

**DOCUMENT REQUEST NO. 23**

All judicial or administrative decisions or related court papers concerning the relationships among or between the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, and Moldova's Cabinet of Ministers on one hand, and the Identified State Controlled Entities, on the other hand, anytime from January 1, 2019, to present.


Dated: May 27, 2022
Washington, D.C.

By: */s/ Gene M. Burd*
Gene M. Burd (D.C. Bar No. 1004330)
FISHERBROYLES LLP
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202.750.0529
gene.burd@fisherbroyles.com

*Counsel for Petitioner LLC SPC Stileks*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Petitioner's First Set of Requests For

Production Of Documents To Respondent Moldova was served upon counsel for Respondent

Republic of Moldova on this day May 27, 2022, by email and first class mail as follows:

Quinn Smith
quinn.smith@gstllp.com
GST LLP
Watergate Building
2600 Virginia Ave., NW, #205
Washington, DC 20037

Dated: May 27, 2022

By: */s/ Gene M. Burd, Esq.*
Gene M. Burd, Esq.

## APPENDIX A

## Production Specifications

For *LLC SPC STILEKS v. THE REPUBLIC OF MOLDOVA*, Matter No. 1:14-cv-01921 (CRC)

## 1. FILE FORMATS

1.1.    Each document shall be provided with all of its attachments with family relationships indicated using the BegBatesAttach and EndBatesAttach metadata fields described in 2.1 below.

1.2.    All documents shall be produced by custodian.

1.3.    All documents shall be produced in standard single-page Group IV TIFF format, except that the following shall be produced in native format:

(a) any audio, audiovisual, video, and any other file that is unreadable or has limited accessibility in the Group IV TIFF format;

(b) Microsoft Excel files and other spreadsheets; and

(c) Microsoft Powerpoint files.

1.4.    The parties shall meet and confer in good faith to determine a reasonable manner for producing the relevant information to the extent a response to discovery requires production of information contained in a database or any other format not reasonably producible in TIFF or native format.

1.5.    Documents produced in TIFF format shall be produced with Bates numbers stamped on each page. Bates numbers shall be of constant length, be sequential across a document and its attachments, be unique across the entire production, and contain no special characters except dashes.

1.6.    Any native files that are produced shall also be produced with a one-page Bates-numbered TIFF image slip-sheet stating "Document has been produced in native format."

1.7.    The responding party will make reasonable efforts to ensure that documents produced in TIFF format are readable. For good cause, the requesting party may request that documents originally produced in TIFF format be re-produced in native format, which request shall not unreasonably be denied. The requesting party shall identify documents for re-production by Bates number and provide an explanation of the need for native files.

1.8.    The responding party will make reasonable efforts to process fully all documents for production. For any documents not fully processed, the responding party shall produce a TIFF image with the reason the document was not processed.

1.9.    A Concordance-compatible load file and image load file (i.e., DAT and OPT load files) shall be included with each production.

1.10.   Documents produced in the Group IV TIFF format shall be produced such that comments, notes, speaker notes, track changes, hidden rows, hidden columns, and any other hidden or invisible text are displayed.

1.11.   Any redactions applied to documents shall contain text indicating the basis for redaction (e.g., "Privileged").

## 2.  EXTRACTED TEXT

2.1.    For each document, the responding party shall provide a text file containing the text extracted directly from the native electronic version of that document, unless the document was redacted, is an image file, is a scanned hardcopy document, or is in another format from which text cannot be reasonably extracted. In these instances, provide a text file created using optical character recognition (OCR) to the extent reasonably practicable.

2.2.    The text file name containing the extracted or OCR text should be named with the BegBates number of the document.

## 3.  DEDUPLICATION

3.1.    A document is an exact duplicate of another document only if it and all its family members have the same MD5 or SHA-1 hash values as the other document and its family members.

3.2.    If a document and its exact duplicates are associated with the same custodian, the responding party shall withhold the exact duplicates from production.

3.3.    If a document and its exact duplicates are associated with different custodians, the responding party shall withhold the exact duplicates from production and provide a metadata field for the produced document indicating the custodians for whom duplicates were withheld.

## 4.  METADATA

4.1.    For each document, the responding party shall provide the metadata specified below, to the extent they can reasonably be extracted or otherwise provided, in a delimited text file.

| Metadata Field | Description | Examples |
|---|---|---|
| **Production Metadata Fields for All Documents** | | |
| BegBates | Bates number for the first page of the document | [Bates Prefix]-00000001 |
| EndBates | Bates number for the last page of the document | [Bates Prefix]-00000010 |
| BegBatesAtt | Bates number for the first page of the parent document (i.e., an email or other document containing attachments) | [Bates Prefix]-00000001 |
| EndBatesAtt | Bates number of the last page of the last attachment to the parent document | [Bates Prefix]-00000015 |
| Custodians_All | Name of the custodian or custodians who possessed this item or exact duplicates thereof. | Jones, Barbara |
| RecordType | Type of item being produced | Email, Email Attachment, Electronic Document, Hardcopy Document |
| FilePath | Original location of the file when collected from the source custodian or system | C:\My Documents\Deal Documents |
| FileSize | Size of the native file document/email in KB | 3,547 |
| Prod_Native | File path to the native file on the production media if applicable (a.k.a. production file path) | Prefix001\NATIVES\000\ Prefix00000001.msg |
| Prod_Text | File path to the extracted text file on the production media | Prefix001\TEXT\000\ Prefix00000001.msg |
| MD5Hash | The MD5 hash value for the item | |
| SHA1Hash | The SHA-1 hash value for the item | |
| Designation | The confidentiality designation of the document, if any | Confidential, Highly Confidential |
| Redaction | For documents containing redactions, the basis for such redactions | Privileged, Personal, Proprietary |
| **Additional Document Metadata Fields for Electronic Documents and Attachments** | | |
| FileName | Original name of the file when collected from the source custodian or system | exampledoc.doc, file.xls |

- 3 -

| Metadata Field | Description | Examples |
| --- | --- | --- |
| FileExt | File type extension of native file | xls, doc, ppt, mp3 |
| FileType | File type or application used to create the underlying native file | Excel, Word, PowerPoint, MP3 |
| Title | Title of the document | Purchase Agreement |
| Author | Author of the document | Barbara Jones |
| TimeZone | The time zone in which electronic documents were standardized during conversion. | GMT |
| MasterDate | For emails and their attachments, the sent date of the parent email | MM/DD/YYYY |
| MasterTime | For emails and their attachments, the sent time of the parent email, using a 24-hour clock | HH:MM:SS |
| DateCreated | Date the item was created | MM/DD/YYYY |
| TimeCreated | Time the item was created, using a 24-hour clock | HH:MM:SS |
| DateLastModified | Date the item was last modified | MM/DD/YYYY |
| TimeLastModified | Time the item was last modified, using a 24-hour clock | HH:MM:SS |
| **Additional Document Metadata Fields for Email and Other Electronic Communications** | | |
| DateSent | Date the email message was sent, using a 24-hour clock | MM/DD/YYYY |
| TimeSent | Time the email message was sent, using a 24-hour clock | HH:MM:SS |
| Date Received | Date the email message was received, using a 24-hour clock, in Greenwich Mean Time (GMT) | MM/DD/YYYY |
| TimeReceived | Time the email message was received, using a 24-hour clock | HH:MM:SS |
| To | Addressee(s) of the email message | Barbara Jones barbarajones@co.com |
| From | Name and email address of the person who sent the email message | Barbara Jones barbarajones@co.com |

| Metadata Field | Description | Examples |
|---|---|---|
| CC | Recipient(s) included in the "cc" line of the email message | Barbara Jones barbarajones@co.com |
| BCC | Recipient(s) included in the "bcc" line of the email message | Barbara Jones barbarajones@co.com |
| Subject | Subject line of the email message | FW: your message |
| EmailPath | The original location of the email | Personal Folders\Sent Items\ |
| Conversation Index | A field indicating whether an email message is part of a conversation thread with other email messages. | |

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LLC SPC STILEKS,** | Case No. 1:14-cv-01921 (CRC) |
| *Petitioner,* | |
| v. | |
| **THE REPUBLIC OF MOLDOVA,** | |
| *Respondent.* | |

## PETITIONER'S FIRST SET OF
## <u>INTERROGATORIES TO RESPONDENT MOLDOVA</u>

Pursuant to Rules 26, 33, and 69 of the Federal Rules of Civil Procedure and the Local Court Rules of the United States District Court for the District of Columbia (the "Local Rules"), Petitioner LLC SPC Stileks ("Stileks"), by and through its undersigned counsel, hereby requests that Respondent Republic of Moldova answer the following Interrogatories under oath, and separately and fully in writing, within thirty (30) days after service of these Interrogatories, or at such other time as the parties mutually agree.

### DEFINITIONS

1.      The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are hereby incorporated and apply to the Interrogatories set forth herein (the "Interrogatories," and each, an "Interrogatory"). These definitions apply throughout these Interrogatories without regard to capitalization. Stileks reserves the right to deliver and serve additional Interrogatories. As used in the Interrogatories, the words set forth below shall be defined as follows.

2.     "Account" or "Accounts" refer to all presently existing and hereafter arising accounts, including, but not limited to, accounts receivable, contract receivables, receivables of any kind, brokerage accounts, and deposit accounts.

3.     "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

4.     "Identified State Controlled Entities" refers to each of the National Bank of Moldova, Public Property Agency of the Republic of Moldova, Serviciul Fiscal De Stat, Agentia de Guvernare Electroica, Moldovatransgaz LLC, Naval Agency of the Republic of Moldova, Serviciul Technologia Informației și Securitate Cibernetică, Calea Ferată din Moldova, Interprinderea de Stat Combinatul de Vinuri de Calitate Milestii Mici, and Air Moldova.

5.     "Identify," when used with respect to Persons, means to give, to the extent known: (i) the Person's full name; (ii) the Person's present or last known address; and (iii) when referring to a natural person, additionally, the Person's present or last known place of employment.

6.     "Identify," when used with respect to Documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7.     "MOLDOVA," "You," and "Your" refer to the Respondent Republic of Moldova, as well as its agencies, instrumentalities, ministries, political subdivisions, representatives, State

Controlled Entities, as defined below, alter-egos, and assigns, and all other Persons acting or purporting to act for or on Moldova's behalf, whether or not authorized to do so.

8.      "Person" or "Persons" refer to any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9.      "Relating to" means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

10.      "State Controlled Entity" or "State Controlled Entities" refer to any agency, corporation, department, ministry, subdivision or other entity controlled directly or indirectly by MOLDOVA, or more than 50% of the equity or other ownership interest is directly or indirectly owned or held by MOLDOVA, including without limitation any Identified State Controlled Entities.

11.      "Stileks" refers to LLC SPC Stileks, its predecessors, successors, divisions, parent, subsidiaries, affiliates, and each person directly or indirectly, wholly, including in part, owned or controlled by it.

12.      To bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the singular includes the plural and vice versa; (ii) the masculine, feminine, or neuter pronoun does not exclude other genders; (iii) the connectives "and" and "or" should be read either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (iv) the terms "any," "all," and "each" should be read to mean any, all, each, and every; (v) the word "including" should be read to mean including, without limitation; (vi) the present tense should be construed to include the past tense

3

and vice versa; (vii) references to employees, officers, directors, or agents include both current and former employees, officers, directors, and agents; and (viii) defined terms should be given their broadest meaning regardless of whether they are capitalized in the Interrogatories.

## INSTRUCTIONS

1.      Each Interrogatory operates and shall be responded to independently, and unless otherwise indicated, no Interrogatory limits the scope of any other Interrogatory.

2.      If an objection is made to any part of an Interrogatory, the response shall state that there is an objection to the Interrogatory and the legal and factual basis for such objection.

3.      No part of an Interrogatory shall be left unanswered merely because an objection is made to another part of the Interrogatory.

4.      If any Interrogatory demands an answer that is to be withheld on the basis of a claim of privilege or other right of nondisclosure (including work product protection), answer any portion of the Interrogatory that is not subject to such a claim, and provide the information agreed upon by the parties in their meet and confer with respect to claims of privilege.

5.      If the response to any Interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) provide such information as can be ascertained without undue burden; and (b) state the basis for such objection.

6.      If You are unable to answer any Interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the Interrogatory to the extent possible, explaining any inability to answer the remainder of any such Interrogatory and stating all information or knowledge presently available to You concerning the unanswered portion of said Interrogatory.

7.      Unless otherwise indicated, the relevant time period for purposes of these Interrogatories is from January 1, 2020, through the present.

8.      These Interrogatories are continuing in nature and must be supplemented in a timely manner in accordance with Rule 26(e)(1) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

Interrogatory No. 1:

Identify any Accounts maintained outside the territory of Moldova in whole or in part in the name of MOLDOVA, beneficially held in whole or in part by MOLDOVA, for which MOLDOVA is a signatory, or through which funds are transferred by or to MOLDOVA.

Interrogatory No. 2:

Identify any commercial or standby letters of credit in which MOLDOVA is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part outside the territory of Moldova.

Interrogatory No. 3:

Identify any outstanding loans (including repurchase agreements) for which MOLDOVA is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part outside the territory of Moldova.

Interrogatory No. 4:

Identify any asset or property of any kind whatsoever located in whole or in part outside the territory of Moldova, which MOLDOVA owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder, or to which MOLDOVA has asserted a claim.

Interrogatory No. 5:

Identify any securities or bond offering outside the territory of Moldova in which MOLDOVA participated or expects to participate as an issuer or seller from January 1, 2014, to the present.

Interrogatory No. 6:

Describe the relationships among and between MOLDOVA (including, but not limited to, the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry Of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, and the Moldova Cabinet of Ministers), and the Identified State Controlled Entities, including instances in which (a) officers, directors, or employees of one of those entities have served as officers, directors, or employees of another, or functioned on behalf of another; (b) one entity (or its officers, directors, or employees) has reported to or been responsible to another; (c) one entity (or its officers, directors, or employees) has directed or controlled another of these entities; and (d) one entity (or its officers, directors, or employees) has used assets for the benefit of another entity (including, but not limited to, making a loan to the other entity).

Interrogatory No. 7:

Identify all officers and directors of the Identified State Controlled Entities in the years from 2018 to present.

Interrogatory No. 8:

Describe those circumstances in which MOLDOVA is responsible (through its charter, governmental decree, statute, or otherwise) for obligations of the Identified State Controlled Entities, or vice versa.

Interrogatory No. 9:

Identify any judicial or administrative decisions that have held MOLDOVA responsible for obligations of the Identified State Controlled Entities, or vice versa.

Interrogatory No. 10:

Identify all subjects with respect to which (a) the Public Property Agency of the Republic of Moldova, (b) Ministry of Finance, (c) Ministry of Infrastructure and Regional Development, (d) Ministry of Internal Affairs, (e) Ministry of Economy, (f) Invest Moldova Agency, (g) the Civil Aeronautical Authority, (h) the Moldova's Cabinet of Ministers, or (i) MOLDOVA determines policies of the Identified State Controlled Entities.

Interrogatory No. 11:

Identify all subjects with respect to which (a) the Public Property Agency of the Republic of Moldova, (b) Ministry of Finance, (c) Ministry of Infrastructure and Regional Development, (d) Ministry of Internal Affairs, (e) Ministry of Economy, (f) Invest Moldova Agency, (g) the Civil Aeronautical Authority, (h) the Moldova's Cabinet of Ministers, or (i) MOLDOVA controls, directs or instructs the Identified State Controlled Entities to take or omit taking any actions.

Interrogatory No. 12:

Describe the role of MOLDOVA (including, but not limited to, the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, and the Moldova Cabinet of Ministers), in reviewing, negotiating, approving, guaranteeing, and/or paying obligations of the Identified State Controlled Entities.

Interrogatory No. 13:

Identify any Person or entity outside the territory of Moldova that is indebted to MOLDOVA.


Dated: May 27, 2022
Washington, D.C.


By: */s/ Gene M. Burd*
Gene M. Burd (D.C. Bar No. 1004330)
FISHERBROYLES LLP
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202.750.0529
gene.burd@fisherbroyles.com

*Counsel for Petitioner LLC SPC Stileks*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Petitioner's First Set of Interrogatories

To Respondent Moldova was served upon counsel for Respondent Republic of Moldova on this

day May 27, 2022, by email and first class mail as follows:

Quinn Smith
quinn.smith@gstllp.com
GST LLP
Watergate Building
2600 Virginia Ave., NW, #205
Washington, DC 20037

Dated: May 27, 2022

By: */s/ Gene M. Burd, Esq.*
     Gene M. Burd, Esq.

4873-4415-3890, v. 3

# EXHIBIT 3

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF COLUMBIA</u>

| | |
|---|---|
| **LLC SPC STILEKS,** | |
| *Petitioner,* | Case No. 1:14-cv-01921 (CRC) |
| v. | |
| **THE REPUBLIC OF MOLDOVA,** | |
| *Respondent.* | |

**MOLDOVA'S OBJECTIONS AND RESPONSES**
**<u>TO PETITIONER'S FIRST SET OF REQUESTS FOR PRODUCTION</u>**

Pursuant to Rules 26, 34, and 69 of the Federal Rules of Civil Procedure and the Local Court Rules of the United States District Court for the District of Columbia (the "Local Rules"), the Republic of Moldova ("Moldova"), by and through its undersigned counsel, hereby responds to the First Set of Requests for Production (the "Request" or "Requests," as the case may be) propounded by Petitioner LLC SPC Stileks as follows:

<u>**GENERAL OBJECTIONS**</u>

1.      The following general objections are hereby made and incorporated in each response to each item of the Requests, whether or not expressly incorporated in each individual response.

2.      Moldova objects to the Requests to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

3.      Moldova objects to the Requests to the extent they seek privileged information subject to the attorney-client privilege, work-product doctrine, any executive privilege or State secret privilege, or any other applicable privilege or discovery exemption. If any Request seeks both privileged and non-privileged information, Moldova reserves the right to withhold or redact that

information. The inadvertent disclosure of any privileged information should not be construed as a waiver.

4.     Moldova objects to the Requests to the extent they are vague or ambiguous. Moldova objects but will make its best effort to respond to the Requests despite ambiguity, where possible.

5.     Moldova's responses are based on information available as of the date hereof and Moldova reserves the right to supplement and amend its objections and answers to any of the Requests pursuant to all appropriate rules, laws, statutes, and regulations.

6.     This response is subject to, and without waiving or intending to waive, but on the contrary intending to reserve and reserving, all rights under the Federal Rules of Civil Procedure.

7.     This response only addresses information known to Moldova. Further, Moldova construes the Requests as drafted as seeking no information within the scope of the privileges in paragraph 3.

8.     Moldova's responses to the Requests are made without in any way waiving or intending to waive, but rather, to the contrary, preserving and intending to preserve, the right to raise all questions as to competence, relevance, materiality, privilege, and admissibility as evidence for any purpose.

9.     In these responses, whenever Moldova employs the phrase "subject to and without waiving its objections," it is responding to the particular Request as it may be narrowed by the general and specific objections and without waiver thereof.

10.    The foregoing general objections shall be considered as made to the extent applicable in response to each of the Requests as if the general objections were fully set forth in each such response, including those responses which also set forth a specific objection.

11.     Moldova objects to Appendix A to the extent it imposes any obligations beyond the Federal Rules of Civil Procedure and does not, as an initial matter, accept any of the instructions in Appendix A as binding.

12.     To the extent that Moldova has objected to any Request, it confirms its willingness to confer in a good faith effort to work through any objections as required by the rules.

## RESPONSES AND SPECIFIC
## OBJECTIONS TO REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

Documents sufficient to identify all Accounts maintained outside the territory of Moldova in whole or in part in the name of MOLDOVA, beneficially held in whole or in part by MOLDOVA, for which MOLDOVA is a signatory, or through which funds are transferred by or to MOLDOVA.

**Answer:** Moldova incorporates its general objections. In addition, Moldova objects to this Request because the term "MOLDOVA" is overly broad and not relevant to any party's claim or defense. In matters against sovereigns, the State is accorded a presumption of separability in relation to its agencies, instrumentalities, political subdivisions, representatives, and State-controlled entities, among others. Because these other entities are not liable for the debt, their accounts cannot be subject to discovery.

The term "Persons" is far too broad and could include, for example, accounts held by employees of the Republic who have no connection to the dispute and would never be liable for any debt of the Republic.

Moldova objects to the extent the Request calls on it to answer about "alter-egos" or "Persons" not authorized to act on Moldova's behalf. The existence of an alter ego or the lack of authority are legal issues. Moldova cannot be put in the position to respond to a request that presumes a legal fiction that Moldova cannot determine at this point.

Moldova objects to the term "State-controlled entity," which forms part of the term "MOLDOVA," because it violates the principle of separability described above and would require the Republic to provide testimony as to entities that are two tiers down any corporate structure. Moldova does not have possession, custody, or control of this information. Moldova further objects to the term "State-controlled entity" because it incorporates "Identified State Controlled Entities." This term is in direct conflict with "State-controlled entity" because it includes entities that have been privatized, such as Air Moldova, entities in which the Republic owns less than 50%, such as Moldovatransgaz, or entities or agencies that have no activities outside of Moldova.

Moldova further objects to the Request because it seeks information on accounts that are

3

presumptively immune and can never be the target of discovery. This includes accounts for embassies and consulates, accounts belonging to the National Bank of Moldova (the central bank for Moldova and the beneficiary of its own immunity), and accounts used for defense purposes.

Moldova also objects to accounts in countries where Stileks has already submitted sworn testimony that enforcement is not possible, such as Russia, Belgium, Romania, and Ukraine. Because enforcement cannot proceed, any accounts in these jurisdictions, and any discovery sought cannot prove any claim or defense.

Moldova objects to all accounts in the United States because Stileks has not tailored its requests to non-immune assets. Because the Foreign Sovereign Immunities Act (the "FSIA") presumptively applies, Moldova has no obligation to provide discovery on any immune assets.

Subject to and without waiving these objections, Moldova is not aware of any accounts that meet the criteria described in the Request and would lead to the production of responsive documents.

**DOCUMENT REQUEST NO. 2**

Documents sufficient to identify the current account balance, currency, and as-of date for all Accounts identified in response to Request No. 1.

**Answer:** Moldova incorporates its objections and answer from Request No. 1.

**DOCUMENT REQUEST NO. 3**

Documents sufficient to identify the transaction history for all Accounts identified in response to Request No. 1, beginning from January 1, 2019.

**Answer:** Moldova incorporates its objections and answer from Request No. 1.

**DOCUMENT REQUEST NO. 4**

Documents Concerning all commercial or standby letters of credit in which MOLDOVA is listed as the applicant or beneficiary, including but not limited to invoices and bills of lading related to the letter of credit, for which any part of the underlying transaction is to involve assets or parties located in whole or in part outside the territory of MOLDOVA.

**Answer:** Moldova incorporates its general objections. Moldova also incorporates its objections to the term "MOLDOVA," including, but not limited to, the meaning of the terms "State-controlled entity" and Identified State Controlled Entities" in response to Request No. 1. Moldova further incorporates its objections to scope and relevance in Request No. 1.

Moldova objects to the Request because it is contradictory, requiring Moldova to identify "commercial or standby letters of credit" and then including "invoices and bills of lading related to the letter of credit." Identifying a document does not include identifying related documents. The clause beginning with "for which" is unclear and could apply to either the "letters of credit" or the

4

"invoices and bills of lading." Moldova also objects to the Request to the extent it seeks any "letters of credit" within Moldova, where the underlying award and judgment are not enforceable.

Subject to and without waiving these objections, and to the extent Moldova can respond, Moldova is not aware of any "letters of credit" that meet the criteria described in the request and would have discoverable documents based on the objections above.

## DOCUMENT REQUEST NO. 5

Documents Concerning outstanding loans for which MOLDOVA is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan, for which the loan proceeds are to be paid or received in whole or in part outside the territory of Moldova.

**Answer:** Moldova incorporates its general objections. Moldova also incorporates its objections to the term "MOLDOVA," including, but not limited to, the meaning of the terms "State-controlled entity" and Identified State Controlled Entities" in response to Request No. 1. Moldova further incorporates its objections to scope and relevance in Request No. 1.

The Republic has no outstanding loans that it is under an obligation to disclose and produce responsive documents, subject to the objections above.

## DOCUMENT REQUEST NO. 6

Documents sufficient to identify any asset or property of any kind whatsoever, located in whole or in part outside the territory of Moldova, which MOLDOVA owns directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, including without limitation as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

**Answer:** Moldova incorporates its general objections. Moldova also incorporates its objections to the term "MOLDOVA," including, but not limited to, the meaning of the terms "State-controlled entity" and Identified State Controlled Entities" in response to Request No. 1. Moldova further incorporates its objections to scope and relevance in Request No. 1.

In addition, Moldova cannot respond to assets it "indirectly" holds. As an indirect owner, Moldova does not necessarily have sufficient knowledge to identify an asset. By its very nature, indirect ownership often means there is no right to an entity's books and records.

Subject to and without waiving these objections, the Republic has no asset or property that it is under an obligation to identify and thus produce responsive documents.

## DOCUMENT REQUEST NO. 7

Documents Concerning any asset or property of any kind whatsoever, located in whole or in part outside the territory of Moldova, to which MOLDOVA has asserted a claim, including

Documents sufficient to identify any party outside MOLDOVA against which MOLDOVA has made such a claim.

**Answer:** Moldova incorporates its objections and answer to Request No. 7.

## DOCUMENT REQUEST NO. 8

All Documents and Communications Concerning the issuance of any securities or bond offering outside the territory of Moldova in which MOLDOVA participated or expects to participate as an issuer or seller in the period from January 1, 2016, to the present, including any agreements related to fiscal agent, trustee, or paying agent relationships.

**Answer:** Moldova incorporates its general objections. Moldova also incorporates its objections to the term "MOLDOVA," including, but not limited to, the meaning of the terms "State-controlled entity" and Identified State Controlled Entities" in response to Request No. 1. Moldova further incorporates its objections to scope and relevance in Request No. 1.

In addition, the Republic objects to the time frame, which includes issuances that were already paid off and cannot form the basis for any claim or defense.

Subject to and without waiving these objections, the Republic has no securities or bond offering that it is under an obligation to disclose and thus produce responsive documents.

## DOCUMENT REQUEST NO. 9

For any offering identified in response to Request No. 5, Documents sufficient to identify the (a) type of security or bond, (b) the issuer, (c) the place(s) of issuance, (d) the date(s) of issuance, (e) the underwriter, and (f) the monetary value or other measure of amount.

**Answer:** Moldova incorporates its objection and answer to Request No. 8.

## DOCUMENT REQUEST NO. 10

Documents sufficient to identify each bank or financial institution identified in connection with Document Request No. 8, including: (a) its business address; (b) the name of MOLDOVA's principal contact; and (c) the approximate date of MOLDOVA's most recent Communication.

**Answer:** Moldova incorporates its objection and answer to Request No. 8.

## DOCUMENT REQUEST NO. 11

All organizational charts for the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State Controlled Entities.

**Answer:** Moldova incorporates its objection from Request No. 1 to "Identified State Controlled

Entities." Moldova further objects to producing any documents that relate to enforcement within Moldova—the award is unenforceable in Moldova, and documents from sources within Moldova do not fall under the scope of the rules.

Subject to and without waiving these objections, the Republic has not identified any responsive documents.

## DOCUMENT REQUEST NO. 12

Lists of all officers, directors, and governors of the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State Controlled Entities from January 1, 2019, to the present.

**Answer:** Moldova incorporates its general objections. Moldova also incorporates its objections to the term "MOLDOVA," including, but not limited to, the meaning of the terms "State-controlled entity" and Identified State Controlled Entities" in response to Request No. 1. Moldova further incorporates its objections to scope and relevance in Request No. 1.

In addition, Moldova objects to the time period. The identity of an officer or director  at any point before the date of the judgment is irrelevant and does not serve to prove any claim or defense.

As mentioned in the response to Request No. 1, many of the Identified State Controlled Entities were either privatized or have activities entirely within the boundaries of Moldova. As such, the identity of the directors cannot lead to prove any party's claim or defense.

Moldova incorporates its response to Request No. 11 as it relates to documents within Moldova.

Further, the identities of the officers and directors is a matter of public record. Moldova has no obligation to provide this information when it is equally available to Stileks and its Moldovan counsel.

Subject to and without waiving these objections, Moldova does not have any responsive documents.

## DOCUMENT REQUEST NO. 13

All Documents reflecting officers, directors, or employees of the Identified State Controlled Entities that concurrently held a position with MOLDOVA (the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers) from January 1, 2019, to the present.

**Answer:** Moldova incorporates its objections and answer to Request No. 12.

**DOCUMENT REQUEST NO. 14**

All organizational documents for the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State Controlled Entities including, but not limited to, decrees, statutes, resolutions, charters and articles of association.

**Answer:** Moldova incorporates its objections and answer to Request No. 12.

**DOCUMENT REQUEST NO. 15**

All corporate resolutions, board minutes, and stock certificates of the Identified State Controlled Entities from January 1, 2019, to the present.

**Answer:** Moldova incorporates its objections to "Identified State Controlled Entities" from its response to Request No. 1. It further incorporates its response to the location of the documents and response to the time frame from Request No. 11. Finally, Moldova incorporates its objection to the publicly available nature of the documents from Request No. 12.

Subject to and not waiving these objections, Moldova does not have any responsive documents.

**DOCUMENT REQUEST NO. 16**

Documents reflecting the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State Controlled Entities from January 1, 2019, to the present, including any documents reflecting common office space, addresses, or telephone numbers.

**Answer:** Moldova incorporates its general objections. Moldova also incorporates its objections to the term "MOLDOVA," including, but not limited to, the meaning of the terms "State-controlled entity" and Identified State Controlled Entities" in response to Request No. 1. Moldova further incorporates its objections to scope and relevance in Request No. 1.

Moldova objects to the request as overbroad and unduly burdensome. As drafted, it seeks "[d]ocuments reflecting" the various names that follow. Documents reflecting an agency, for example, would yield far too many documents, lengthy privilege logs, and a burden that could only be met with a substantial financial commitment from Stileks.

In addition, Moldova objects to the time period. The documents requested before the date of the judgment are irrelevant and do not serve to prove any claim or defense.

As mentioned in the response to Request No. 1, many of the Identified State Controlled Entities were either privatized or have activities entirely within the boundaries of Moldova. As such, the documents requested cannot lead to prove any party's claim or defense.

Moldova incorporates its response to Request No. 11 as it relates to documents within Moldova.

Further, the addresses of the named entities are a matter of public record. Moldova has no obligation to provide this information when it is equally available to Stileks and its Moldovan counsel.

Subject to and without waiving these objections, Moldova does not have any responsive documents.

## DOCUMENT REQUEST NO. 17

All Communications to, from, or among MOLDOVA, as defined above, concerning the repudiation, payment, or non-payment of the judgment in this Action, the arbitral award entered on October 25, 20013 in the *LLC Energoalliance v. Republic of Moldova* arbitration, or any other action to enforce that award.

**Answer:** Moldova incorporates its general objections. Moldova further incorporates its objection to MOLDOVA as set forth in response to Request No. 1.

In addition to its objections regarding privilege, Moldova objects to having to produce any privilege log, which would be unduly burdensome considering the use of the word "concerning" and Stileks's interpretation of the words "repudiation, payment, or non-payment."

Moldova objects to any interpretation of the scope of this request to the extent it implicates a time period during which Moldova had no obligation to pay the judgment or award.

Moldova incorporates its objection to the time period as set forth in its response to Request No. 12.

Subject to and not waiving these objections, Moldova does not have any responsive documents.

## DOCUMENT REQUEST NO. 18

All Documents, including powers of attorney, Concerning the authority of officers, directors, and/or governors of the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, the Moldova's Cabinet of Ministers, and the Identified State Controlled Entities to act on behalf of one another from January 1, 2019, to the present.

**Answer:** Moldova incorporates its general objections. Moldova further incorporates its objection to "Identified State Controlled Entities" from its response to Request No. 1; its response regarding time frame from its response to Request No. 16; its response regarding documents in Moldova from Request No. 11; and its response regarding publicly available documents from Request No. 12.

The request is overbroad and unduly burdensome as it relates to the use of the word "authority" and how that can relate to any documents that can prove a party's claim or defense.

The documents sought do not serve to show that any of the entities named is responsible for the

judgment, meaning that the request is not calculated to lead to responsive documents.

Subject to and without waiving these objections, Moldova cannot respond to this request without resolving its objections.

**DOCUMENT REQUEST NO. 19**

All Documents Concerning the authority of MOLDOVA (including the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority), and Moldova's Cabinet of Ministers to determine policies of the Identified State Controlled Entities.

**Answer:** Moldova incorporates its general objections, its objections in its response to Request No. 1 regarding the meaning of the word "MOLDOVA;" its response regarding documents in Moldova from Request No. 11; its response regarding publicly available documents from Request No. 12; and its response regarding "authority" from Request No. 18.

The documents sought do not serve to show that any of the entities named is responsible for the judgment, meaning that the request is not calculated to lead to responsive documents.

Subject to and without waiving these objections, Moldova cannot respond to this request without resolving its objections.

**DOCUMENT REQUEST NO. 20**

All Documents Concerning the authority of MOLDOVA (including the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority), and Moldova's Cabinet of Ministers to direct or control acts or omissions of the Identified State Controlled Entities.

**Answer:** Moldova incorporates its objection and response to Request No. 19.

**DOCUMENT REQUEST NO. 21**

All Documents Concerning any obligations of MOLDOVA that were reviewed, approved, guaranteed, and/or paid by the Identified State Controlled Entities, or vice versa.

**Answer:** Moldova incorporates its general objections, its objections in its response to Request No. 1 regarding the meaning of the word "MOLDOVA;" its objections regarding documents in countries where enforcement was denied or is otherwise impossible, as described in Moldova's response to Request No. 1; its response regarding documents in Moldova from Request No. 11; and its response regarding publicly available documents from Request No. 12. Depending on the meaning of the word "obligations," Moldova incorporates its responses to Requests 4-7.

Subject to and without waiving these objections, Moldova cannot respond to this request without resolving its objections.

**DOCUMENT REQUEST NO. 22**

All Documents Concerning meetings or Communications pertaining to LLC Energoalliance, LLC Komstroy, or Stileks between or among MOLDOVA.

**Answer:** Moldova incorporates its general objections. Moldova further incorporates its objection to MOLDOVA as set forth in response to Request No. 1.

In addition to its objections regarding privilege, Moldova objects to having to produce any privilege log, which would be unduly burdensome considering the use of the word "pertaining" and Stileks's interpretation of the word "MOLDOVA."

Moldova incorporates its objection to the time period as set forth in its response to Request No. 12.

Subject to and not waiving these objections, Moldova cannot respond without first resolving its objections.

**DOCUMENT REQUEST NO. 23**

All judicial or administrative decisions or related court papers concerning the relationships among or between the Public Property Agency of the Republic of Moldova, Ministry of Finance, Ministry of Infrastructure and Regional Development, Ministry of Internal Affairs, Ministry of Economy, Invest Moldova Agency, the Civil Aeronautical Authority, and Moldova's Cabinet of Ministers on one hand, and the Identified State Controlled Entities, on the other hand, anytime from January 1, 2019, to present.

**Answer:** Moldova incorporates its general objections; its objection regarding the meaning of "Identified State Controlled Entities" as set forth in its response to Request No. 1; its objections regarding documents in Moldova as set forth in its response to Request No. 11; and its objections regarding publicly available documents in its response to Request No. 12. The words "concerning the relationships" are overbroad and include documents that cannot serve to prove any claim or defense at issue.

Subject to and not waiving these objections, Moldova cannot respond without first resolving its objections.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Objections and Responses to Petitioner's First Set of Requests for Production by Respondent Moldova was served upon counsel for Petitioner on July 18, 2022, by email as follows:

>Gene M. Burd
>gene.burd@fisherbroyles.com
>FISHERBROYLES LLP
>1200 G Street, NW Suite 800
>Washington, DC 20005
>Telephone: 202.750.0529


>By: */s/ Quinn Smith.*
>Quinn Smith

# EXHIBIT 4

| | |
|---|---|
| **From:** | Gene Burd |
| **To:** | Quinn Smith |
| **Cc:** | Bethel Kassa; Tiffany Compres; Joseph Schramm; Yine Rodríguez Pérez; Katherine Sanoja |
| **Subject:** | RE: Stileks v. Moldova |
| **Date:** | Friday, July 29, 2022 1:50:00 PM |

Quinn,

I am following up as to when we can expect receiving responses to the interrogatories.

Regards,


**Gene M. Burd**
Partner
_____

**FisherBroyles, LLP**
1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
direct: +1.202.750.0529
gene.burd@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.


**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Monday, July 18, 2022 9:15 PM
**To:** Gene Burd <Gene.Burd@FisherBroyles.com>
**Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres
<Tiffany.Compres@FisherBroyles.com>; Joseph Schramm <joseph.schramm@FisherBroyles.com>;
Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>; Katherine Sanoja
<katherine.sanoja@gstllp.com>
**Subject:** Re: Stileks v. Moldova

Dear Gene:

I have attached the responses to the requests for production. As for the interrogatories, the responses are done, but we are still working on the internal approvals for the signature. Apologies for the delay, but there have been some staffing changes and other issues outside of our control that did not allow for the responses to be signed. We anticipate getting the responses signed in the next few days.

Best regards,

Quinn

On Wed, Jun 29, 2022 at 5:32 PM Gene Burd <Gene.Burd@fisherbroyles.com> wrote:

> Thanks, Quinn. Based on your representation that your client is working on responses, we will agree to the requested extension.
>
> Regards,
> Gene
>
>
> **Gene M. Burd**
> Partner
>
> _____
>
> **FisherBroyles, LLP**
> 1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
> direct: +1.202.750.0529
> gene.burd@fisherbroyles.com
>
> www.fisherbroyles.com
>
> ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC
>
> _____
>
> **From:** Quinn Smith <quinn.smith@gstllp.com>
> **Sent:** Wednesday, June 29, 2022 5:04:53 PM
> **To:** Gene Burd <Gene.Burd@FisherBroyles.com>
> **Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm <joseph.schramm@FisherBroyles.com>; Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>
> **Subject:** Re: Stileks v. Moldova
>
> Gene,
>
> That is not what I'm saying. I apologize for the confusion. The requests are broad and require

substantial work. We merely need more time.

Quinn

On Tue, Jun 28, 2022 at 9:15 AM Gene Burd <Gene.Burd@fisherbroyles.com> wrote:

> Quinn,
>
> Are you saying that the client is not in position to answer at all? If so, what's the point in the
> extension?
>
> Gene
>
>
> **Gene M. Burd**
> Partner
>
> _____
>
> **FisherBroyles, LLP**
> 1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
> direct: +1.202.750.0529
> gene.burd@fisherbroyles.com
>
> www.fisherbroyles.com
>
> ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND |
> COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI |
> NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY |
> SEATTLE | WASHINGTON, DC
>
> _____
>
> **From:** Quinn Smith <quinn.smith@gstllp.com>
> **Sent:** Monday, June 27, 2022 4:19:57 PM
> **To:** Gene Burd <Gene.Burd@FisherBroyles.com>
> **Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres
> <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm
> <joseph.schramm@FisherBroyles.com>; Yine Rodríguez Pérez
> <Yine.RodriguezPerez@FisherBroyles.com>
> **Subject:** Re: Stileks v. Moldova
>
> Gene,
>
> We have liaised with the client on the discovery requests, but the client is not in a position to
> answer. We need at least another three weeks. Would your client be amenable to an
> extension?
>
> Quinn

On Fri, May 27, 2022 at 12:38 PM Gene Burd <Gene.Burd@fisherbroyles.com> wrote:

Quinn,

Attached are Petitioner's First Set of Interrogatories and First Set of Requests for Production of Documents.

Regards,

**Gene M. Burd**

Partner

_____

**FisherBroyles, LLP**

1200 G Street NW, Suite 800 | Washington, DC 20005 | USA

direct: +1.202.750.0529

gene.burd@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.



--

**Quinn Smith** | Managing Partner

Watergate Building
2600 Virginia Ave., NW, #205
**Washington**, DC 20037
+1 (202) 758-2057

1111 Brickell Avenue
Suite 2715
**Miami**, FL 33131
+1 (305) 856-7723

--

**Quinn Smith** | Managing Partner

Watergate Building
2600 Virginia Ave., NW, #205
**Washington**, DC 20037
+1 (202) 758-2057

1111 Brickell Avenue
Suite 2715
**Miami**, FL 33131
+1 (305) 856-7723

--

**Quinn Smith** | Managing Partner

Watergate Building
2600 Virginia Ave., NW, #205
**Washington**, DC 20037
+1 (202) 758-2057

1111 Brickell Avenue
Suite 2715
**Miami**, FL 33131
+1 (305) 856-7723

# EXHIBIT 5

| | |
|---|---|
| **From:** | Gene Burd |
| **To:** | Quinn Smith |
| **Cc:** | Bethel Kassa; Tiffany Compres; Joseph Schramm; Yine Rodríguez Pérez |
| **Subject:** | RE: Stileks v. Moldova |
| **Date:** | Tuesday, October 11, 2022 8:26:00 PM |

Hi Quinn,

It has been a while since the deadline for any extensions for your client to respond to interrogatories has passed. At this point, unless we receive your client's responses by the end of this week, October 14, 2022, we will proceed with seeking appropriate relief from the court.

As to your responses to the Request for Production of documents, the objections are meritless. It is well established in D.C. Circuit that judgment creditor in cases involving sovereigns is entitled to seek broad discovery from state-controlled entities. See *Amduso v. Republic of Sudan*, 288 F. Supp. 3d 90 (D.D.C. 2017). Moreover, your client has a duty to collect information from its agencies and entities with which it has principal-agent relationship. *See id*. As to any other entities, your client is required to produce information concerning entities it owns or controls. Furthermore, if there are responsive documents that are not within Moldova's control, it is required to provide explanation in that regard.

Moreover, responses based on the alleged absence of accounts subject to discovery requests is simply false. According to public reports issued by the National Bank of Moldova, it maintains accounts in the United States. Moldovan Treasury also maintains accounts in the United States.

We are willing to confer in good faith regarding resolving the objection this week. I have time available tomorrow and Thursday. Let me know what time works for you.

Regards,
Gene


**Gene M. Burd**
Partner
_____

**FisherBroyles, LLP**
1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
direct: +1.202.750.0529
gene.burd@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete

the original message.

We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.

---

**From:** Gene Burd <Gene.Burd@FisherBroyles.com>
**Sent:** Wednesday, June 29, 2022 5:33 PM
**To:** Quinn Smith <quinn.smith@gstllp.com>
**Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm <joseph.schramm@FisherBroyles.com>; Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>
**Subject:** Re: Stileks v. Moldova

Thanks, Quinn. Based on your representation that your client is working on responses, we will agree to the requested extension.

Regards,
Gene


**Gene M. Burd**
Partner

_____

**FisherBroyles, LLP**
1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
direct: +1.202.750.0529
gene.burd@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

---

**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Wednesday, June 29, 2022 5:04:53 PM
**To:** Gene Burd <Gene.Burd@FisherBroyles.com>
**Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm <joseph.schramm@FisherBroyles.com>; Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>

**Subject:** Re: Stileks v. Moldova

Gene,

That is not what I'm saying. I apologize for the confusion. The requests are broad and require substantial work. We merely need more time.

Quinn

On Tue, Jun 28, 2022 at 9:15 AM Gene Burd <Gene.Burd@fisherbroyles.com> wrote:

> Quinn,
>
> Are you saying that the client is not in position to answer at all? If so, what's the point in the extension?
>
> Gene
>
>
> **Gene M. Burd**
> Partner
>
> _____
>
> **FisherBroyles, LLP**
> 1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
> direct: +1.202.750.0529
> gene.burd@fisherbroyles.com
>
> www.fisherbroyles.com
>
> ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND |
> COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI |
> NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE
> | WASHINGTON, DC
>
> _____
>
> **From:** Quinn Smith <quinn.smith@gstllp.com>
> **Sent:** Monday, June 27, 2022 4:19:57 PM
> **To:** Gene Burd <Gene.Burd@FisherBroyles.com>
> **Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres
> <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm <joseph.schramm@FisherBroyles.com>;
> Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>
> **Subject:** Re: Stileks v. Moldova
>
> Gene,
>
> We have liaised with the client on the discovery requests, but the client is not in a position to
> answer. We need at least another three weeks. Would your client be amenable to an extension?

Quinn

On Fri, May 27, 2022 at 12:38 PM Gene Burd <[Gene.Burd@fisherbroyles.com](mailto:Gene.Burd@fisherbroyles.com)> wrote:

> Quinn,
>
> Attached are Petitioner's First Set of Interrogatories and First Set of Requests for Production of Documents.
>
> Regards,
>
> **Gene M. Burd**
>
> Partner
>
> _____
>
> **FisherBroyles, LLP**
>
> 1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
>
> direct: +1.202.750.0529
>
> [gene.burd@fisherbroyles.com](mailto:gene.burd@fisherbroyles.com)
>
> [www.fisherbroyles.com](http://www.fisherbroyles.com)
>
> ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC
>
> The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
>
> We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us

immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.

--

**Quinn Smith**  | Managing Partner

Watergate Building
2600 Virginia Ave., NW, #205
**Washington**, DC 20037
+1 (202) 758-2057

1111 Brickell Avenue
Suite 2715
**Miami**, FL 33131
+1 (305) 856-7723

--

**Quinn Smith**  | Managing Partner

Watergate Building
2600 Virginia Ave., NW, #205
**Washington**, DC 20037
+1 (202) 758-2057

1111 Brickell Avenue
Suite 2715
**Miami**, FL 33131
+1 (305) 856-7723

# EXHIBIT 6

**Gene Burd**

---

| | |
|---|---|
| **From:** | Gene Burd |
| **Sent:** | Wednesday, October 19, 2022 2:27 PM |
| **To:** | Quinn Smith |
| **Cc:** | Bethel Kassa; Tiffany Compres; Joseph Schramm; Yine Rodríguez Pérez |
| **Subject:** | RE: Stileks v. Moldova |

Quinn,

I am referring to my October 11, 2022, email below regarding Stileks's discovery requests, which remains unanswered. At this point, we have no option but to proceed with filing of a motion to compel Moldova's responses to discovery. Please let me know if you would agree to the relief requested in the motion.

Regards,

**Gene M. Burd**
Partner

———————————————————————

**FisherBroyles, LLP**
1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
direct: +1.202.750.0529
gene.burd@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
#
We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.

---

**From:** Gene Burd
**Sent:** Tuesday, October 11, 2022 8:27 PM
**To:** Quinn Smith <quinn.smith@gstllp.com>
**Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm <joseph.schramm@FisherBroyles.com>; Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>
**Subject:** RE: Stileks v. Moldova

Hi Quinn,

It has been a while since the deadline for any extensions for your client to respond to interrogatories has passed. At this point, unless we receive your client's responses by the end of this week, October 14, 2022, we will proceed with seeking appropriate relief from the court.

As to your responses to the Request for Production of documents, the objections are meritless. It is well established in D.C. Circuit that judgment creditor in cases involving sovereigns is entitled to seek broad discovery from state-controlled entities. See *Amduso v. Republic of Sudan*, 288 F. Supp. 3d 90 (D.D.C. 2017). Moreover, your client has a duty to collect information from its agencies and entities with which it has principal-agent relationship. *See id*. As to any other entities, your client is required to produce information concerning entities it owns or controls. Furthermore, if there are responsive documents that are not within Moldova's control, it is required to provide explanation in that regard.

Moreover, responses based on the alleged absence of accounts subject to discovery requests is simply false. According to public reports issued by the National Bank of Moldova, it maintains accounts in the United States. Moldovan Treasury also maintains accounts in the United States.

We are willing to confer in good faith regarding resolving the objection this week. I have time available tomorrow and Thursday. Let me know what time works for you.

Regards,
Gene

**Gene M. Burd**
Partner
_____

**FisherBroyles, LLP**
1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
direct: +1.202.750.0529
gene.burd@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
#
We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.

**From:** Gene Burd <Gene.Burd@FisherBroyles.com>
**Sent:** Wednesday, June 29, 2022 5:33 PM
**To:** Quinn Smith <quinn.smith@gstllp.com>
**Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm <joseph.schramm@FisherBroyles.com>; Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>
**Subject:** Re: Stileks v. Moldova

Thanks, Quinn. Based on your representation that your client is working on responses, we will agree to the requested extension.

Regards,
Gene


**Gene M. Burd**
Partner

_____

**FisherBroyles, LLP**
1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
direct: +1.202.750.0529
gene.burd@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

---

**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Wednesday, June 29, 2022 5:04:53 PM
**To:** Gene Burd <Gene.Burd@FisherBroyles.com>
**Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm <joseph.schramm@FisherBroyles.com>; Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>
**Subject:** Re: Stileks v. Moldova

Gene,

That is not what I'm saying. I apologize for the confusion. The requests are broad and require substantial work. We merely need more time.

Quinn

On Tue, Jun 28, 2022 at 9:15 AM Gene Burd <Gene.Burd@fisherbroyles.com> wrote:

> Quinn,
>
> Are you saying that the client is not in position to answer at all? If so, what's the point in the extension?
>
> Gene
>
>
> **Gene M. Burd**
> Partner
>
> _____
>
> **FisherBroyles, LLP**
> 1200 G Street NW, Suite 800 | Washington, DC 20005 | USA
> direct: +1.202.750.0529
> gene.burd@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS |
DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO |
PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

---

**From:** Quinn Smith <quinn.smith@gstllp.com>
**Sent:** Monday, June 27, 2022 4:19:57 PM
**To:** Gene Burd <Gene.Burd@FisherBroyles.com>
**Cc:** Bethel Kassa <bethel.kassa@gstllp.com>; Tiffany Compres <Tiffany.Compres@FisherBroyles.com>; Joseph Schramm
<joseph.schramm@FisherBroyles.com>; Yine Rodríguez Pérez <Yine.RodriguezPerez@FisherBroyles.com>
**Subject:** Re: Stileks v. Moldova

Gene,

We have liaised with the client on the discovery requests, but the client is not in a position to answer. We need at least another three weeks. Would your client be amenable to an extension?

Quinn

On Fri, May 27, 2022 at 12:38 PM Gene Burd <Gene.Burd@fisherbroyles.com> wrote:

Quinn,


Attached are Petitioner's First Set of Interrogatories and First Set of Requests for Production of Documents.


Regards,


**Gene M. Burd**

Partner

_____

**FisherBroyles, LLP**

1200 G Street NW, Suite 800 | Washington, DC 20005 | USA

direct: +1.202.750.0529

gene.burd@fisherbroyles.com


www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

#

We will never use email to notify you of a change to any bank account details we have already provided to you. If you receive any email purporting to come from this firm which seeks to do this, then please contact us immediately by telephone and do not act on it or reply to it.  We cannot accept responsibility for any loss if you do not follow these instructions.

--

**Quinn Smith** | Managing Partner





Watergate Building
2600 Virginia Ave.,
NW, #205
**Washington**, DC 20037
+1 (202) 758-2057

1111 Brickell Avenue
Suite 2715
**Miami**, FL 33131
+1 (305) 856-7723



--

**Quinn Smith** | Managing Partner





Watergate Building
2600 Virginia Ave.,
NW, #205
**Washington**, DC 20037
+1 (202) 758-2057

1111 Brickell Avenue
Suite 2715
**Miami**, FL 33131
+1 (305) 856-7723

