**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LLC SPC STILEKS,

        *Petitioner,*

- against –

THE REPUBLIC OF MOLDOVA,

        *Respondent.*

Civil Action No. 1:14-cv-01921

**REPUBLIC OF MOLDOVA'S *SUPPLEMENTAL* MEMORANDUM OF SUPPORT OF ITS MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(4), (5), AND (6)**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT BACKGROUND ............................................................................................... 1

    I.   EU Legal Framework.................................................................................................. 1

    II.  CJEU............................................................................................................................. 2

    III. Preliminary Rulings.................................................................................................... 2

ARGUMENT.......................................................................................................................... 3

    I.   THE FRENCH COURT OF CASSATION IS BOUND BY THE CJEU RULING BASED
           ON THE EUROPEAN UNION SUPREMACY LAW .................................................. 3

CONCLUSION...................................................................................................................... 3

## TABLE OF AUTHORITIES

**Foreign Cases**                                                                                   **Page(s)**

*Benedetti v. Munari*, C/52-76, §26, CJEU opinion of 3 February 1977.............................3,4

*Fazenda Pública,*,C-446/98, §4 CJEU opinion of 14 December 2000............................3

*Pretore di Salo:* Rec. CJEC 1987, p. 2545.................................................................4

*Republic of Moldova v. Komstroy* Case C-741/19
(2 September 2021), ECLI:EU:C:2021:655..............................................................2

*Slovak Republic v. Achmea BV*, Case C0284/16 (6March 2018),
ECLI:EU:C:2018:158...........................................................................................2

*Wünsche Handelsgesellschaft*, C/69-85, §13 CJEU opinion of 5 March 1986.................3,4


**Foreign Treaties**                                                                                **Page(s)**

Energy Charter Treaty..........................................................................................1,2,3

Treaty on European Union.......................................................................................1,2

Treaty on the Functioning of the European Union ("TFEU")..................................1


**US Statutes**                                                                                     **Page(s)**

Fed. R. Civ. P. 60(b)(4-6)......................................................................................1


**European Union Decisions**                                                                        **Page(s)**

Council and Commission Decision 98/181/EC, ECSC,
Euratom of 23 September 1997 (OJ 1998 L 69).....................................................1

Pursuant to Fed. R. Civ. P. 60(b)(4-6), Respondent, the Republic of Moldova (hereinafter referred to as "Moldova"), by its undersigned counsel, hereby submits this *SUPPLEMENTAL* Memorandum of Law in Support of Moldova's Motion for Relief from Judgment (hereinafter referred to as "Rule 60 Motion"). For the reasons set forth herein, the Court should grant Moldova's Rule 60 Motion.

## PRELIMINARY STATEMENT

The Court of Cassation, or Cour de Cassation in French, **is bound** by the September 2, 2021 Court of Justice of the European Union's ("CJEU") ruling on the Paris Court of Appeal's referral to the CJEU on a preliminary ruling "concerning the interpretation of Article 1(6) and Article 26(1) of the Energy Charter Treaty "[1]("ECT"). *See* ECF No. 92-1 at pages 1, 9 the CJEU ruling attached hereto as Exhibit A.

The principle of supremacy mandates this. France, including *all* of its courts, as a European Union ("EU") member state are bound by EU law, which are superior to those of member state's national laws. The CJEU is the highest court of the EU. It has exclusive competence to interpret and apply EU law, international treaties and agreements to which the EU and its member states are signatories, even when a non-EU member is a party. **All of its decisions are binding on member states and all of their national courts**. The CJEU also has competence to issue interpretation on the Energy Charter Treaty ("ECT") given that France is not only an EU member, but because the EU and Moldova is a signatory of the ECT.

It is important to note that the Court of Cassation's role is limited to reviewing whether the Paris Court of Appeals properly applied the law. Hence, it must assess whether the lower court adhered to the CJEU ruling as it is bound to do per the supremacy notion.

---

[1] The ECT was signed at Lisbon on 17 December 1994 (OJ 1994 L 380, p. 24) approved on behalf of the European Communities by Council and Commission Decision 98/181/EC, ECSC, Euratom of 23 September 1997 (OJ 1998 L 69, p. 1).

# RELEVANT BACKGROUND

## I.   EU Legal Framework

The EU is a supranational organization comprising of twenty-eight nations governed by EU law. EU law is based on the EU's founding treaties as well as secondary legislation adopted on the basis of those treaties. EU law has "primacy over the laws of the Member States" and is "applicable to their nationals and to the Member States themselves." *Slovak Republic v. Achmea BV*, Case C0284/16 (6March 2018), ECLI:EU:C:2018:158, ¶33. EU Member states cannot violate EU law.

The EU's legal foundation and sources of law are the Treaty on the Functioning of the European Union ("TFEU") and the Treaty on European Union ("TEU") (collectively "EU Treaties"). The EU treaties establish the institutions of the EU, bind and delineate powers between the EU itself and its member states. One of the EU institutions established by those treaties is the CJEU.  *See id.*  The CJEU is analogous to the Supreme Court in the US in that it is the final arbiter of questions of EU law of the EU Treaties.

## II.   CJEU

The CJEU is the highest legal and judicial authority in the EU.  *See* a true and accurate copy of the EU's official portal pertaining to the CJEU attached hereto as Exhibit B. It has exclusive competence to interpret and apply EU law and extends to the interpretation and application of international agreements to which the EU  Member States are parties, including where a national of another EU Member State is involved.  *See Republic of Moldova v. Komstroy Case* C-741/19 (2 September  2021),  ECLI:EU:C:2021:655. It also provides interpretations of EU law when so requested by national judges. *See id.*

## III.   Preliminary Rulings

If a national court is in doubt about the interpretation or validity of an EU law, it can ask the CJEU for clarification per Article 267 of the TFEU. *See* a true and accurate copy of Articles 267 of TFEU attached hereto as Exhibit C and *see* also a true and accurate copy of the EU's official portal

pertaining to preliminary rulings attached hereto as Exhibit D.

A preliminary ruling is a final determination of EU law, with no scope for appeal. *See* Exhibit D. The CJEU decision to the referring court, obliges the court to implement the ruling. *See id.* Preliminary rulings are **binding** both on the referring court and on **all courts in Member States**. *See id*. and Declaration of Ioana Knoll Tudor attached hereto as Exhibit E.

# <u>ARGUMENT</u>

### I.   THE FRENCH COURT OF CASSATION IS BOUND BY THE CJEU RULING BASED ON THE EUROPEAN UNION SUPREMACY LAW

The Court of Cassation, or any other French court, will be bound by the CJEU judgments rendered through preliminary rulings referred to the CJEU by a French court. *See* Exhibit E, Knoll Declaration at ¶ 23, also *see* Exhibit D. The principle of supremacy of EU law mandates this. *See id.* at ¶ 24, 26.

The CJEU has established that the supremacy of EU law is absolute, and that its judgments are binding on all courts of Member States. *See id.* at ¶ 33, 34.

> In fact, the law stemming from the Treaty, an independent source of law, **cannot because of its very nature be overridden by rules of national law**, however framed, without being deprived of its character as Community law and without the legal basis of the Community itself being called in question. *See id*. at ¶ 31 citing CJEU opinion in *Wünsche Handelsgesellschaft,* C/11-70, §3

France, an EU member state since 1958, has recognized and has given effect to the supremacy notion through its Constitution. *See id.* at ¶ 27-29. French courts have an obligation and do implement the principle of supremacy of and reinforce its binding nature. *See id.* at ¶ 29-31.

> "It follows that the purpose of a preliminary ruling is to decide a question of law and that that ruling is binding on the national court as to the interpretation of the Community provisions and acts in question." *See id*. at ¶ 31 citing CJEU opinion of 3 February 1977, *Benedetti v. Munari*, C/52-76, §26.

> "It follows that a judgment in which the Court gives a preliminary ruling on the interpretation or validity of an act of a Community institution conclusively determines a question or questions of Community law and **is binding on the national court for the purposes of the decision** to be given by it in the main proceedings." *See id*. at ¶ 31 citing CJEU opinion of 5 March 1986 *Wünsche Handelsgesellschaft*, C/69-85, §13.

3

> "It is also settled case-law that a judgment in which the Court gives **a preliminary ruling is binding on the national court** for the purposes of the decision to be given in the main proceedings (see in particular Case 52/76 Benedetti v Munari [1977] ECR 163, paragraph 26, and the order in Case 69/85 Wünsche Handelsgesellschaft [1986] ECR 947, paragraph 13)." *See id.* at ¶ 31 citing CJEU opinion of 14 December 2000, *Fazenda Pública,* C-446/98, §49.

In fact, the Paris Court of Appeals in this case in adherence to the law implemented the supremacy clause and gave deference to the CJEU preliminary ruling it issued:

> It follows from the provisions of Article 91 of the procedural regulation of the Court of Justice of the European Union of September 25, 2012, that the **judgments rendered by this Court are binding from the day of their pronouncement**. The judgment rendered by **preliminary ruling binds the national judge** for the resolution of the dispute to the principal as to the interpretation of the acts it concerns; it is mandatory for the referring court (ECJ, Feb. 3, 1977, case 52/76, Benedetti, Rec. ECJ 1977, p. 163; ECJ, ord., March 5, 1986, case 69/85, Wünsche: Rec. ECJ 1986, p. 946; ECJ, June 11, 1987, case 14/86, Pretore di Salo: Rec. CJEC 1987, p. 2545. *See* ECF No. 113-1 at ¶53 emphasis added.

Therefore, the Court of Cassation is bound by the supremacy principle given that EU law takes precedence over French laws. The CJEU's preliminary ruling is binding upon as the final arbitrator of EU law. *See id.* at ¶ 43.  This is so even if the Court of Cassation is another tier in the French legal system. This fact does not exclude it from its obligations to adhere to the CJEU rulings.

It is also important to note that the Court of Cassation's role is simply to assess whether the Paris Court of Appeals applied the law correctly. *See id.* at ¶ 43.  It cannot reassess the case on the merits. *See id.* at ¶ 43.  Its review will be limited to whether the Paris Court of Appeals, who sought an interpretation from the CJEU on the investment, properly applied the CJEU ruling in compliance with the supremacy notions.

## **CONCLUSION**

For all the reasons set out above, the Republic of Moldova respectfully requests that the Court grant it relief from all three Judgments pursuant to Rules 60(b)(4)-(6).

December 22, 2023                                             By: /s/ Ioana Salajanu
                                                                            Ioana Salajanu
Ioana Salajanu                                                    *Attorney for the Republic of Moldova*
SLV Legal
1 East Erie Street, Suite 425
Chicago, IL 60611
Telephone: (773) 875-5438
Email: ioana.salajanu@slvlegal.com

4

**CERTIFICATE OF SERVICE**


The undersigned, an attorney, certifies that a copy of the foregoing REPUBLIC OF MOLDOVA'S *SUPPLEMENTAL* MEMORANDUM OF SUPPORT OF ITS MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(4)(5) AND (6) was served via the ECF System to all counsel of record on December 22, 2023:

> Mr. Gene M. Burd FISHER BROYLES LLP
> 1200 G Street, NW Suite 800
> Washington, DC 20005
> Tel: (202) 750-0529
> Email: gene.burd@fisherbroyles.com

/s/ Ioana Salajanu
Ioana Salajanu
SLV Legal
1 E. Erie, Suite 525
Chicago, IL 60611
Tel.: (773) 875-5438
Email: Ioana.Salajanu@slvlegal.com

*Attorneys for Republic of Moldova*

5