| Multilingual display |
|---|

# Preliminary ruling proceedings – recommendations to national courts

**SUMMARY OF:**

Recommendations to national courts on the use of the preliminary ruling procedure

Article 267 of the Treaty on the Functioning of the European Union

Article 19 of the Treaty on European Union

**WHAT IS THE AIM OF THE RECOMMENDATIONS AND OF ARTICLE 267 OF THE TREATY ON THE FUNCTIONING OF THE EUROPEAN UNION AND ARTICLE 19(3) OF THE TREATY ON EUROPEAN UNION?**

The 2019 recommendations:
- explain to courts and tribunals in the European Union (EU) Member States the purposes of a procedure that entitles them, under Article 267 of the Treaty on the Functioning of the European Union and Article 19(3)(b) of the Treaty on European Union, to refer to the Court of Justice of the European Union (CJEU) for a **preliminary ruling**\*;
- set out the scope of the procedure and the form in which national courts should submit their referral;
- supplement Articles 93 to 118 of the CJEU's rules of procedure (further details in the summary);
- replace previous recommendations issued in 2018.

**KEY POINTS**

**Significance of the preliminary ruling procedure**

This procedure is considered useful when, in a case before a national court, a question of interpretation that is new and of general interest for the uniform application of EU law is raised, or where the existing case-law does not appear to give the necessary guidance to deal with a new legal situation.

**Structure of the recommendations**

A set of recommendations applies to all requests for a preliminary ruling and a further set specifically applies to **expedited procedures**\* or **urgent procedures**\*.

**Who makes the request for a preliminary ruling?**

The national court or tribunal before which a dispute is brought takes sole responsibility for determining both the **need** for a request for a preliminary ruling and the **relevance** of the questions it submits to the CJEU.        **EXHIBIT D**

Courts submitting a referral should, among other things:
- be established by law and be permanent;
- have compulsory jurisdiction;
- apply the rules of law; and
- be independent.

**Subject matter and scope**
- Importantly, a referral must concern the **interpretation or validity of EU law**. It must not concern the interpretation of national law nor issues of fact raised in the main proceedings.
- The CJEU may only give a ruling if EU law applies to the case in the **main proceedings**.
- The CJEU does not itself apply EU law to a dispute brought by a referring court, as its role is to help resolve it; the **role of the national court** is to **draw conclusions** from the CJEU's ruling.
- Preliminary rulings are **binding** both on the referring court and on **all courts in Member States**.

**Interaction between the reference for a preliminary ruling and the national proceedings**
- A referral should be made as soon as it is clear that a CJEU ruling is necessary for a national court to give judgment and when it is able to define in sufficient detail the legal and factual context of the case and the legal issues that it raises.
- The national proceedings must be suspended until the CJEU has given its ruling.
- The referring court must inform the CJEU of any procedural step that may affect the referral and, in particular, of any discontinuance or withdrawal, or of any amicable settlement of the dispute in the main proceedings, and of any other event leading to the termination of the proceedings. It must also inform the CJEU of any decision delivered in the context of an appeal against the order for reference and of the consequences of that decision for the request for a preliminary ruling.

**Form and content of the referral**
- The referral must be drafted simply, clearly and precisely given that it will need to be translated to allow other Member States to submit their observations.
- Article 94 of the CJEU's rules of procedure specifies the content of the request that should accompany the referring court's questions, the essential points of which are summarised in the annex to the recommendations. If one or more of these requirements are not met, the CJEU may find it necessary to decline jurisdiction to give a preliminary ruling on the questions referred or dismiss the request for a preliminary ruling as inadmissible.
- The referring court may briefly set out the main arguments of the parties to the main proceedings. However, it should be noted that only the request for a preliminary ruling will be translated, not any annexes to that request.
- The referring court may also briefly state its view on the answer to be given to the questions referred for a preliminary ruling. That information may be useful to the CJEU, particularly where it is called upon to give a preliminary ruling in an expedited or urgent procedure.
- The questions referred to the CJEU for a preliminary ruling must appear in a separate and clearly identified section of the order for reference, preferably at the beginning or the end. It must be possible to understand them on their own terms, without it being necessary to refer to the statement of the grounds for the request.
- The request for a preliminary ruling must be in typewritten form and the pages and paragraphs of the order for reference must be numbered.

**Data protection and anonymisation of the request for a preliminary ruling**