

# Conseil d'Etat, Assemblée, du 20 octobre 1989, 108243, publié au recueil Lebon

| Conseil d'Etat - ASSEMBLEE | Lecture du vendredi 20 octobre 1989 |

**statuant
au contentieux**

N° 108243
Publié au recueil Lebon

| Président | Rapporteur |
| M. Long | M. de Montgolfier |
| Commissaire du gouvernement | Avocat(s) |
| M. Frydman | S.C.P. de Chaisemartin, Avocat |

Texte intégral

**RÉPUBLIQUE FRANCAISE
AU NOM DU PEUPLE FRANCAIS**

Vu la requête, enregistrée le 27 juin 1989 au secrétariat du Contentieux du Conseil d'Etat, présentée par M. Raoul Georges Z..., demeurant ..., et tendant à l'annulation des opérations électorales qui se sont déroulées le 18 juin 1989 en vue de l'élection des représentants au Parlement européen,

Vu les autres pièces du dossier ;

Vu la Constitution, notamment son article 55 ;

Vu le Traité en date du 25 mars 1957, instituant la communauté économique européenne ;

Vu la loi n° 77-729 du 7 juillet 1977 ;

Vu le code électoral ;

Vu l'ordonnance n° 45-1708 du 31 juillet 1945, le décret n° 53-934 du 30 septembre 1953 et la loi n° 87-1127 du 31 décembre 1987 ;

Après avoir entendu :

- le rapport de M. de Montgolfier, Auditeur,

- les observations de la S.C.P. de Chaisemartin, avocat de M. Y...,

- les conclusions de M. Frydman, Commissaire du gouvernement ;

Sur les conclusions de la requête de M. Z... :

Considérant qu'aux termes de l'article 4 de la loi n° 77-729 du 7 juillet 1977 relative à l'élection des représentants à l'Assemblée des communautés européennes "le territoire de la République forme une circonscription unique" pour l'élection des représentants français au Parlement européen ; qu'en vertu de cette disposition législative, combinée avec celles des articles 2 et 72 de la Constitution du 4 octobre 1958, desquelles il résulte que les départements et territoires d'outre-mer font partie intégrante de la République française, lesdits départements et territoires sont nécessairement inclus dans la circonscription unique à l'intérieur de laquelle il est procédé à l'élection des représentants au Parlement européen ;

Considérant qu'aux termes de l'article 227-1 du traité en date du 25 mars 1957 instituant la Communauté Economique Européenne : "Le présent traité s'applique ... à la République française" ; que les règles ci-dessus rappelées, définies par la loi du 7 juillet 1977, ne sont pas incompatibles avec les stipulations claires de l'article 227-1 précité du traité de Rome ;

Considérant qu'il résulte de ce qui précède que les personnes ayant, en vertu des dispositions du chapitre 1er du titre 1er du livre 1er du code électoral, la qualité d'électeur dans les départements et territoires d'outre-mer ont aussi cette qualité pour l'élection des représentants au Parlement européen ; qu'elles sont également éligibles, en vertu des dispositions de l'article L.O. 127 du code électoral, rendu applicable à l'élection au Parlement européen par l'article 5 de la loi susvisée du 7 juillet 1977 ; que, par suite, M. Z... n'est fondé à soutenir ni que la participation des citoyens français des départements et territoires d'outre-mer à l'élection des représentants au Parlement européen, ni que la présence de certains d'entre-eux sur des listes de candidats auraient vicié ladite élection ; que, dès lors, sa requête doit être rejetée ;

Sur les conclusions du ministre des départements et territoires d'outre-mer tendant à ce que le Conseil d'Etat inflige une amende pour recours abusif à M. Z... :

Considérant que des conclusions ayant un tel objet ne sont pas recevables ;

Article 1er : La requête de M. Z... et les conclusions du ministre des départements et des territoires d'outre-mer tendant à ce qu'une amende pour recours abusif lui soit infligée sont rejetées.

Article 2 : La présente décision sera notifiée à M. Z..., à M. de X..., mandataire de la liste l'Union U.D.F.-R.P.R., aux mandataires de la liste de rassemblement présentée par le Parti Communiste Français, de la liste du Centre pour l'Europe, de la liste Majorité de Progrès pour l'Europe, de la liste Les Verts Europe-Ecologie et de la liste Europe et Patrie et au ministre de l'intérieur.

## Analyse

### Abstrats

CETAT01-01-02-02,RJ1,RJ2 ACTES LEGISLATIFS ET ADMINISTRATIFS - DIFFERENTES CATEGORIES D'ACTES - ACCORDS INTERNATIONAUX - APPLICATION PAR LE JUGE FRANCAIS -Non conformité au traité en date du 25 mars 1957 instituant la communauté économique européenne de la loi du 7 juillet 1977 - Absence (1)(2).

CETAT15-03-01-01,RJ1,RJ2 COMMUNAUTES EUROPEENNES - APPLICATION PAR LE JUGE ADMINISTRATIF FRANCAIS DES REGLES DE DROIT COMMUNAUTAIRES - ACTES CLAIRS - TRAITE DE ROME -Non conformité au traité de Rome de la loi du 7 juillet 1977 - Absence (1)(2).

CETAT17-02-01-01,RJ1,RJ2 COMPETENCE - ACTES ECHAPPANT A LA COMPETENCE DES DEUX ORDRES DE JURIDICTION - LA LOI - LA LOI PROPREMENT DITE -Absence - Contrôle par le juge administratif de la compatibilité entre un traité international et une loi postérieure (1)(2).

CETAT28-023-01 ELECTIONS - ELECTIONS AU PARLEMENT EUROPEEN - REGLES D'ORGANISATION DES ELECTIONS -Participation des électeurs des DOM-TOM - Violation de l'article 227-1 du traité de Rome - Absence.

CETAT54-07-01-04,RJ1,RJ2 PROCEDURE - POUVOIRS ET DEVOIRS DU JUGE - QUESTIONS GENERALES - MOYENS -Moyen ne pouvant être utilement invoqué - Absence - Moyen tiré de l'incompatibilité entre un traité international et une loi postérieure (1)(2).

### Résumé

01-01-02-02, 15-03-01-01 En vertu des dispositions de l'article 55 de la Constitution, il appartient au juge administratif de contrôler la compatibilité entre les traités internationaux et les lois françaises même postérieures. En l'espèce, ne sont pas contraires à l'article 227-1 du traité de Rome les dispositions de l'article 4 de la loi n° 77-729 du 7 juillet 1977 relative à l'élection des représentants à l'assemblée des communautés européennes qui prévoient que les personnes ayant, en application du chapitre 1er du titre 1er du livre 1er du code électoral, la qualité d'électeur dans les DOM-TOM ont aussi cette qualité pour l'élection des représentants au Parlement européen.

17-02-01-01, 54-07-01-04 En vertu des dispositions de l'article 55 de la Constitution, il appartient au juge administratif de contrôler la compatibilité entre les traités internationaux et les lois françaises même postérieures.

28-023-01 Ne sont pas contraires à l'article 227-1 du traité de Rome les dispositions de l'article 4 de la loi n° 77-729 du 7 juillet 1977 relative à l'élection des représentants à l'assemblée des communautés européennes qui prévoient que les personnes ayant, en application du chapitre 1er du titre 1er du livre 1er du code électoral, la qualité d'électeur dans les DOM-TOM ont aussi cette qualité pour l'élection des représentants au Parlement européen.

### Renvois jurisprudentiels

1. Ab. jur. Section, 1968-03-01, Syndicat général des fabricants de semoule de France, p. 149 ; Assemblée, 1979-10-22, Union démocratique du travail, p. 384. 2. Cf. C. Cass. Ch. Mixte, 1975-05-24, Administration des douanes c/ Société Café Jacques Vabre, Bull. Civ. n° 4, p. 6 ; Cons. Const., 1988-10-21, Election du député de la 5ème circonscription du Val-d'Oise, J.O. 1988-10-25, p. 13474

**EXHIBIT 7**

## Case:

CE, Ass., 20 octobre 1989, p.190

Case *Nicolo*

## Date:

20 October 1989

## Note:

Translated French Cases and Materials under the direction of Professor B. Markesinis and M. le Conseiller Dominique Hascher

## Translated by:

Professor John Bell FBA

## Copyright:

Professor B. S. Markesinis

In the light of the Constitution, especially its art. 55; the Treaty of 25 March 1957 creating the European Economic Community; the Law no 77-729 of 7 July 1977; the Electoral Code; the Ordinance no 45-1708 of 31 July 1945, the Decree no 53-934 of 30 September 1953 and the Law no 87-1127 of 31 December 1987;…

Considering that, under the terms of art. 4 of the Law no 77-729 of 7 July 1977 relating to the election of representatives of the Assembly of the European Economic Community "the territory of the Republic shall form a single constituency" for the election of the French representatives to the European Parliament; as, by virtue of this legislative provision, combined with those of arts. 2 and 72 of the Constitution of 4 October 1958, from which it follows that the overseas departments and territories are an integral part of the French Republic, the said departments and territories are necessarily included in the single

constituency within which the representatives of the European Parliament are elected;

==Considering that, under the terms of art. 227-1 of the EEC Treaty: "This Treaty shall apply…to the French Republic";== as the rules cited above, set out in the Law of 7 July 1977, are not incompatible with the clear provisions of art. 227-1 of the aforementioned Treaty of Rome;

Considering that it follows from what has been said that persons having the status of elector in the overseas departments and territories by virtue of the provisions of Chapter 1 of Title 1 of Book 1 of the Electoral Code also have this status for the election of representatives to the European Parliament; as, equally, they are eligible, by virtue of the provisions of art L.O. 127 of the electoral Code applied to the election to the European Parliament by art 5 of the aforementioned Law of 7 July 1977; as, in consequence, M. Nicolo is not justified in claiming either that the participation of French citizens of the overseas departments and territories in the election of representatives of the European Parliament or that the presence of certain of them on the list of candidates would have vitiated the election; as, therefore, his request has to be rejected…

# Foreign Law Translations