## ORDER OF THE COURT
### 5 March 1986*

In Case 69/85

REFERENCE to the Court under Article 177 of the EEC Treaty by the Verwaltungsgericht [Administrative Court] Frankfurt am Main, for a preliminary ruling in the action pending before the court between

**Wünsche Handelsgesellschaft GmbH & Co.**, whose registered office is in Hamburg,

and

**Federal Republic of Germany**, represented by the Bundesamt für Ernährung und Forstwirtschaft [Federal Office for Nutrition and Forestry Management], Frankfurt am Main,

on the validity of the judgment of the Court of 12 April 1984 and on the validity of Article 1 of Regulation No 3429/80 adopting protective measures applicable to imports of preserved mushrooms,

## THE COURT

composed of: Lord Mackenzie Stuart, President, U. Everling, K. Bahlmann and R. Joliet (Presidents of Chambers), G. Bosco, T. Koopmans, O. Due, Y. Galmot, C. Kakouris, T. F. O'Higgins and F. Schockweiler, Judges,

Advocate General: G. F. Mancini
Registrar: P. Heim

after hearing the views of the Advocate General,

makes the following

---

* Language of the Case: German.

EXHIBIT 9

WÜNSCHE v GERMANY

ORDER

1   By an order dated 21 February 1985, which was received at the Court on 15 March 1985, the Verwaltungsgericht [Administrative Court] Frankfurt am Main referred to the Court for a preliminary ruling under Article 177 of the EEC Treaty a number of questions relating to the validity of the judgment of the Court of 12 April 1984 (Case 345/82 *Wünsche Handelsgesellschaft* v *Federal Republic of Germany* [1984] ECR 1995), and to the validity of Article 1 of Commission Regulation No 3429/80 of 29 December 1980 adopting protective measures applicable to imports of preserved mushrooms (Official Journal 1980, L 358, p. 66).

2   The questions were raised in the context of the same legal proceedings, between the same parties, as those which gave rise to the request for a preliminary ruling in response to which the above-mentioned judgment was delivered on 12 April 1984.

3   Under Article 1 of Commission Regulation No 3429/80, any release into free circulation within the Community of preserved mushrooms falling within subheading 20.02 A of the Common Customs Tariff and exceeding the quantities laid down by that regulation, was, during the period from 1 January to 31 March 1981, subject to the levy of an additional amount of 175 ECU per 100 kg net, by way of a 'protective measure'.

4   The main proceedings had originally been instituted because Wünsche had not been exempted from payment of those additional amounts as it had requested, and because the competent national authority relied upon the aforesaid Commission Regulation No 3429/80 as the basis for its decision.

5   The Verwaltungsgericht Frankfurt, before which the action was brought, expressed doubts as to the validity of Article 1 of the regulation, on the ground that:

(a) Wünsche had produced official statistics to demonstrate that the condition which the basic Council regulations placed on the adoption by the Commission of protective measures, namely that there should be a serious threat of disturbance of the market in preserved mushrooms, was not fulfilled. The national court therefore requested the Court of Justice to establish whether that condition was fulfilled, or otherwise to give it guidance on the matter; and

(b) The Commission was not empowered to adopt protective measures other than those provided for by Council Regulation No 521/77 of 14 March 1977 (Official Journal 1977, L 73, p. 28) which, according to the national court, listed them exhaustively.

6   In the aforesaid judgment of 12 April 1984 the Court ruled as follows:

'Consideration of the question referred to the Court has disclosed no factor of such a kind as to affect the validity of Commission Regulation No 3429/80.'

7   The documents before the Court show that the Verwaltungsgericht Frankfurt requested Wünsche to submit its observations on that judgment. Wünsche contended that it was vitiated by serious breaches of law and that those breaches deprived it of all binding force.

8   In those circumstances, the Verwaltungsgericht decided to stay the proceedings once again and to refer the following questions to the Court for a preliminary ruling:

'(1) Does the judgment of the First Chamber of the Court of Justice of the European Communities of 12 April 1984 (Case 345/82) infringe general principles of Community law, in particular the principle that in the courts everyone is entitled to be heard in accordance with the law or the principle that no one may be removed from the jurisdiction of his lawful judge (Grundsatz des gesetzlichen Richters), inasmuch as:

(a) the plaintiff's arguments, to the extent that the accuracy of the statistics used by the Commission was therein disputed, were not assessed and, in particular, no evidence was taken; and

(b) the Court of Justice undertook an inquiry into questions of fact which was a matter for the court which requested a preliminary ruling?

If the first question is answered in the negative:

(2) Is the said judgment to be interpreted as meaning that Article 14 (1) of Council Regulation (EEC) No 516/77 of 14 March 1977 on the common organization of the market in products processed from fruit and vegetables (Official Journal 1977, L 73):

WÜNSCHE v GERMANY

(a) grants the Commission, with regard to the question whether there is a market disturbance, a margin of discretion which allows it not merely to evaluate statistical data but also to decide upon the veracity thereof;

or

(b) implies that official statistics supplied to the Commission by the competent government agencies in the Member States, for the purpose of monitoring the state of the market and adopting, where appropriate, protective measures, are not subject to judicial review?

If the second question is answered in the affirmative:

(3) Is Article 14 (2) of Regulation (EEC) No 516/77, as interpreted in the judgment of 12 April 1984, void on the ground that it is contrary to superior rules of Community law, in particular the principle that the administration is subject to the law (see Question 2 (a)) or the principle that persons are entitled to comprehensive legal protection (see Question 2 (b))?

If either the first or third questions are answered in the affirmative:

(4) Is a court which requests a preliminary ruling bound by a judgment of the Court of Justice delivered in connection with the same proceedings pursuant to Article 177 of the Treaty establishing the European Economic Community, even if that judgment:

either infringes the right to be heard in accordance with the law or the right of a person not to be removed from the jurisdiction of his lawful judge

or

rests on a legal basis which is invalid?

If the fourth question is answered in the negative:

(5) Is Article 1 of Commission Regulation (EEC) No 3429/80 of 29 December 1980 adopting protective measures applicable to imports of preserved mushrooms (Official Journal 1980, L 358) valid?'

9    It is clear from the wording of the order made by the national court that in Questions 1 to 3 it is asking the Court of Justice whether the latter's judgment of 12 April 1984 is invalid, that in Question 4 it is asking the Court whether, if that is the case, the judgment is nevertheless binding on the national court, and lastly,

951

that in Question 5 it is once again asking the Court whether Article 1 of the aforesaid Commission Regulation No 3429/80 is valid.

### First three questions

10   The subject-matter of the first three questions makes it necessary to consider whether a preliminary ruling given by the Court of Justice ranks among the acts of Community institutions the validity of which is open to appraisal in proceedings under Article 177 and whether the Court has jurisdiction to rule on the aforesaid questions.

11   The Court's jurisdiction in this matter must be appraised by reference to all the provisions of Article 177 of the EEC Treaty and to the manner in which that article allocates jurisdiction as between national courts or tribunals and the Court of Justice.

12   As the Court has already stated, the aim of judicial cooperation between national courts and the Court of Justice under Article 177 is to ensure that Community law is applied in a unified manner throughout the Member States (judgment of 1 December 1965 in Case 16/65 *Schwarze* v *Einfuhr- und Vorratsstelle für Getreide und Füttermittel* [1965] ECR 877).

13   It follows that a judgment in which the Court gives a preliminary ruling on the interpretation or validity of an act of a Community institution conclusively determines a question or questions of Community law and is binding on the national court for the purposes of the decision to be given by it in the main proceedings.

14   It should further be observed that Articles 38 to 41 of the Protocol on the Statute of the Court of Justice list exhaustively the exceptional review procedures available for challenging the authority of the Court's judgments; however, since there are no parties to proceedings in which the Court gives judgment by way of a preliminary ruling, the aforesaid articles do not apply to such a judgment.

952

15    None the less, the authority of a preliminary ruling does not preclude the national court to which it is addressed from properly taking the view that it is necessary to make a further reference to the Court of Justice before giving judgment in the main proceedings. According to well-established case-law, such a procedure may be justified when the national court encounters difficulties in understanding or applying the judgment, when it refers a fresh question of law to the Court, or again when it submits new considerations which might lead the Court to give a different answer to a question submitted earlier. However, it is not permissible to use the right to refer further questions to the Court as a means of contesting the validity of the judgment delivered previously, as this would call in question the allocation of jurisdiction as between national courts and the Court of Justice under Article 177 of the Treaty.

16    It follows from the foregoing considerations that a preliminary ruling of the Court does not rank among the acts of Community institutions whose validity is open to review in proceedings under Article 177 and hence that the Court has no jurisdiction to give a ruling on the first three questions raised.

**Fourth and fifth questions**

17    As the fourth question was submitted in the event of the Court's holding that its above-mentioned judgment of 12 April 1984 was invalid, there is no need to give a ruling on it.

18    In the fifth question the Verwaltungsgericht Frankfurt does no more than re-submit to the Court the question concerning the validity of Article 1 of Regulation No 3429/80, which was the subject of the aforesaid judgment of 12 April 1984, without putting forward any factors — particularly as regards the statistical data — which were not considered by the Court in the previous case. It follows that there is no need to give a ruling on the fifth question either.

19    Pursuant to Article 92 (2) of the Rules of Procedure, the Court may at any time of its own motion consider whether there exists any absolute bar to proceeding with a case and it had decided to give its decision without any oral procedure, in accordance with Article 91 (3) and (4) thereof.

**Costs**

20   The costs incurred by the Council and the Commission of the European Communities, which have submitted observations to the Court, are not recoverable. As these proceedings are, in so far as the parties to the main action are concerned, in the nature of a step in the action pending before the national court, the decision on costs is a matter for that court.

On those grounds,

## THE COURT,

in answer to the questions referred to it by the Verwaltungsgericht Frankfurt by order of 21 February 1985, hereby orders:

**(1) The Court has no jurisdiction to give a ruling on the first three questions;**

**(2) There is no need to give a ruling on the fourth and fifth questions.**

Luxembourg, 5 March 1986.

P. Heim                                                        A. J. Mackenzie Stuart

Registrar                                                           President