## JUDGMENT OF THE COURT (Fifth Chamber)
## 14 December 2000 *

In Case C-446/98,

REFERENCE to the Court under Article 177 of the EC Treaty (now Article 234 EC) by the Supremo Tribunal Administrativo, Portugal, for a preliminary ruling in the proceedings pending before that court between

**Fazenda Pública**

and

**Câmara Municipal do Porto,**

third party:

**Ministério Público,**

on the interpretation of Article 4(5) of Sixth Council Directive 77/388/EEC of 17 May 1977 on the harmonisation of the laws of the Member States relating to turnover taxes — Common system of value added tax: uniform basis of assessment (OJ 1977 L 145, p. 1),

---

* Language of the case: Portuguese.

**EXHIBIT 10**

FAZENDA PÚBLICA

45  Consequently, as the Advocate General observes in point 92 of his Opinion, it may not be inferred from the fourth subparagraph of Article 4(5) read together with Article 13B(b)(2) of the Sixth Directive that the provision of parking spaces never constitutes an activity of a public authority, since where that activity is carried on by a public body acting as a public authority it is on the sole basis of the first subparagraph of Article 4(5) of the Sixth Directive that it is not taxable, and there is no need to have recourse to the fourth paragraph of that provision.

46  The answer to the sixth question must therefore be that the fourth subparagraph of Article 4(5) of the Sixth Directive must be interpreted as meaning that the absence of an exemption for the letting of spaces for the parking of vehicles, which follows from Article 13B(b) of the directive, does not prevent bodies governed by public law which carry out that activity from being treated as non-taxable persons for VAT in respect of it, where the conditions stated in the first and second subparagraphs are satisfied.

**Question 7**

47  The national court's seventh question should be understood as asking whether a national court may decide of its own motion to refer a question of interpretation of the Sixth Directive to the Court and whether, after having done so, it must draw the consequences of the Court's decision in the main proceedings.

48  It is settled case-law that national courts are entitled, and in certain cases obliged, to refer a question of the interpretation or validity of Community law to the Court, either of their own motion or at the request of the parties to the main proceedings, if they consider that a decision on that point by the Court is necessary to enable them to give judgment (see in particular Case 166/73 *Rheinmühlen-Düsseldorf* v *Einfuhr- und Vorratsstelle für Getreide und Futter-mittel* [1974] ECR 33, paragraph 3, and Case 126/80 *Salonia* v *Poidomani and*

*Giglio* [1981] ECR 1563, paragraph 7). That power to raise of its own motion a question of Community law presupposes that the national court considers either that Community law must be applied and, if necessary, national law disapplied or that national law must be interpreted in a way that conforms with Community law (see Joined Cases C-87/90, C-88/90 and C-89/90 *Verholen and Others* v *Sociale Verzekeringsbank* [1991] ECR I-3757, paragraph 13).

49  It is also settled case-law that a judgment in which the Court gives a preliminary ruling is binding on the national court for the purposes of the decision to be given in the main proceedings (see in particular Case 52/76 *Benedetti* v *Munari* [1977] ECR 163, paragraph 26, and the order in Case 69/85 *Wünsche Handelsgesellschaft* [1986] ECR 947, paragraph 13).

50  The answer to the seventh question must therefore be that a national court is entitled, and in certain cases obliged, to refer to the Court, even of its own motion, a question concerning the interpretation of the Sixth Directive, if it considers that a decision on the point by the Court is necessary for it to give judgment, and once it has made that reference it is bound by the Court's decision when it gives final judgment in the main proceedings.

**Costs**

51  The costs incurred by the Portuguese, German and Austrian Governments and by the Commission, which have submitted observations to the Court, are not recoverable. Since these proceedings are, for the parties to the main proceedings, a step in the action pending before the national court, the decision on costs is a matter for that court.

I - 11478