an integral part of the general principles of law protected by the Court of Justice. The protection of such rights, whilst inspired by the constitutional traditions common to the Member States, must be ensured within the framework of the structure and objectives of the Community.
(Judgment of 12 November 1969, Case 29/69, Rec. 1969, p. 425)

3. The requirement by the agricultural regulations of the Community of import and export licences involving for the licensees an undertaking to effect the proposed transactions under the guarantee of a deposit constitutes a method which is both necessary and appropriate, for the purposes of Articles 40 (3) and 43 of the EEC Treaty, to enable the competent authorities to determine in the most effective manner their interventions on the market in cereals. The system of deposits violates no fundamental right.

4. The concept of *force majeure* adopted by the agricultural regulations is not limited to absolute impossibility but must be understood in the sense of unusual circumstances, outside the control of the importer or exporter, the consequences of which, in spite of the exercise of all due care, could not have been avoided except at the cost of excessive sacrifice.
(Judgment of 11 July 1968, Case 4/68, Rec. 1968, p. 563)

5. By limiting the cancellation of the undertaking to export and the release of the deposit to cases of *force majeure* the Community legislature adopted a provision which, without imposing an undue burden on importers or exporters, is appropriate for ensuring the normal functioning of the organization of the market in cereals, in the general interest as defined in Article 39 of the Treaty.

In Case 11/70

Reference to the Court under Article 177 of the EEC Treaty by the Verwaltungsgericht (Administrative Court) Frankfurt-am-Main, for a preliminary ruling in the case pending before that court between

INTERNATIONALE HANDELSGESELLSCHAFT MBH, the registered office of which is at Frankfurt-am-Main,

and

EINFUHR- UND VORRATSSTELLE FÜR GETREIDE UND FUTTERMITTEL, Frankfurt-am-Main,

on the validity of the third subparagraph of Article 12 (1) of Regulation No 120/67/EEC of the Council of 13 June 1967 on the common organization of the market in cereals and Article 9 of Regulation No 473/67/EEC of the Commission of 21 August 1967 on import and export licences for cereals and processed cereal products, rice, broken rice and processed rice products,

EXHIBIT 11

THE COURT

composed of: R. Lecourt, President, A. M. Donner and A. Trabucchi, Presidents of Chambers, R. Monaco, J. Mertens de Wilmars, P. Pescatore (Rapporteur) and H. Kutscher, Judges.

Advocate-General: A. Dutheillet de Lamothe
Registrar: A. Van Houtte

gives the following

## JUDGMENT

## Issues of fact and of law

I — Facts and procedure

On 7 August 1967 Internationale Handelsgesellschaft mbH, an import-export undertaking based at Frankfurt-am-Main, obtained an export licence in respect of 20 000 metric tons of maize meal, the validity of which expired on 31 December 1967.

In accordance with the third subparagraph of Article 12 (1) of Regulation No 120/67/EEC of the Council of 13 June 1967 on the common organization of the market in cereals (OJ Special Edition 1967, p. 33) the issue of the licence was conditional on the lodging of a deposit, amounting to 0.5 units of account per metric ton, guaranteeing that exportation would be effected during the period of validity of the licence. As exportation was only partially effected (11 486.764 metric tons) during the period of validity of the said licence, the Einfuhr- und Vorratsstelle für Getreide und Futtermittel declared DM 17 026.47 of the deposit to be forfeited, in accordance with Regulation No 473/67/EEC of the Commission of 21 August 1967 on import and export licences for cereals and processed cereal products, rice, broken rice and processed rice products (OJ 1967, No 204, p. 16).

On the Einfuhr- und Vorratsstelle's failure to come to a decision on the objections of Internationale Handelsgesellschaft mbH, that undertaking on 18 November 1969 brought an action before the Verwaltungsgericht (Administrative Court) Frankfurt-am-Main.
By order of 18 March 1970, received at the Court Registry on 26 March, the Verwaltungsgericht Frankfurt-am-Main, asked the Court under Article 177 of the EEC Treaty for a preliminary ruling on the following questions:

1. Are the obligation to export, laid down in the third subparagraph of Article 12 (1) of Regulation No 120/67/EEC of the Council of 13 June 1967, the lodging of a deposit, upon which such obligation is made conditional, and forfeiture of the deposit, where exportation is not effected during the period of validity of the export licence, legal?

2. In the event of the Court's confirming the legal validity of the said provision, is Article 9 of Regulation No 473/67/EEC of the Commission of 21 August 1967, adopted in implementation of Regulation No 120/67, legal in that it excludes forfeiture of the deposit only in cases of *force majeure*?

1127

*The protection of fundamental rights in the Community legal system*

3. Recourse to the legal rules or concepts of national law in order to judge the validity of measures adopted by the institutions of the Community would have an adverse effect on the uniformity and efficacy of Community law. The validity of such measures can only be judged in the light of Community law. In fact, the law stemming from the Treaty, an independent source of law, cannot because of its very nature be overridden by rules of national law, however framed, without being deprived of its character as Community law and without the legal basis of the Community itself being called in question. Therefore the validity of a Community measure or its effect within a Member State cannot be affected by allegations that it runs counter to either fundamental rights as formulated by the constitution of that State or the principles of a national constitutional structure.

4. However, an examination should be made as to whether or not any analogous guarantee inherent in Community law has been disregarded. In fact, respect for fundamental rights forms an integral part of the general principles of law protected by the Court of Justice. The protection of such rights, whilst inspired by the constitutional traditions common to the Member States, must be ensured within the framework of the structure and objectives of the Community. It must therefore be ascertained, in the light of the doubts expressed by the Verwaltungsgericht, whether the system of deposits has infringed rights of a fundamental nature, respect for which must be ensured in the Community legal system.

*The first question (legality of the system of deposits)*

5. By the first question the Verwaltungsgericht asks whether the undertaking to export based on the third subparagraph of Article 12 (1) of Regulation No 120/67, the lodging of a deposit which accompanies that undertaking and forfeiture of the deposit should exportation not occur during the period of validity of the export licence comply with the law.

6. According to the terms of the thirteenth recital of the preamble to Regulation No 120/67, 'the competent authorities must be in a position constantly to follow trade movements in order to assess market trends and to apply the measures … as necessary' and 'to that end, provision should be made for the issue of import and export licences accompanied by the lodging of a deposit guaranteeing that the transactions for which such licenses are requested are effected'. It follows from these considerations and from the general scheme of the regulation that the system of deposits is intended to guarantee that the imports and exports for which the