UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LLC SPC STILEKS<br>Petitioner,<br>v.<br><br>THE REPUBLIC OF MOLDOVA,<br>Respondent. | Case No. 1:14-cv-01921 (CRC) |

**PETITIONER'S SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S
DECEMBER 12, 2023, MINUTE ORDER**

Pursuant to the Court's December 12, 2023, Minute Order, Petitioner hereby submits this Supplemental Brief and the attached Declaration of Francois-Henri Briard and its certified English translation. *See* Exhibit 1 ("Briard Decl."). Mr. Briard is the advocate admitted to practice before the Council of State and Court of Cassation of France. Briard Decl. at 1.

Mr. Briard explains that while the Court of `Justice of the European Union is the supreme authority on the issue of interpretation of the European Union law, the Court of Cassation has the authority to review the January 10, 2023, Court of Appeal's decision based on two distinct grounds: (i) the Court of Appeal's failure to properly apply law to the facts of the case; and (ii) the Court of Appeal's failure to "reply to pleadings. Briard Decl. ¶ 23.

First, the Court of Appeal conducts its review of the facts of the case independently from the CJEU. *Id*. Therefore, arguments before the Court of Cassation can address the Court of Appeal's application of the definition of "investment" under Article 1(6) of the ECT, without disregarding the CJEU judgment. *See* Briard Decl. ¶¶ 23-24. In particular, "it will be up to the Court of Cassation to judge whether, in the context of the interpretation given by the CJEU, the Court of Appeal correctly applied these elements to rule on the classification of the investment."

Briard Decl. ¶ 23. Notably, Mr. Briard pointed out that "in this ruling, the CJEU adopted a hypothetical position on the interpretation of the term 'investment' within the meaning of European Union law, but in no way ruled on the merits of STILEKS' claim against the Republic of Moldova; *it left the French national judge entirely free to decide in this respect, within the framework of the European Union law interpretation given*." Briard Decl. ¶ 10 (emphasis added). This is consistent with the conclusion set forth in the declaration of another French counsel submitted previously in this case. *See* Declaration of Sara Nadeau-Seguin, ECF 95-1. Ms. Nadeau-Seguin explained that the CJEU decision is limited to the interpretation of EU law and that the Court of Appeal makes its own case-specific conclusions. *See* ECF 95-1, ¶¶ 9, 11-12. As Mr. Briard explained, the Court of Cassation has the authority to overrule the Paris Court of Appeal's case-specific conclusion without infringing on the authority of the CJEU to define what the European Union law is. *See* Briard Decl. ¶¶ 23-24.

Second, the Court of Cassation may review and vacate the Paris Court of Appeal's decision based on the latter's failure to address the party's argument. *See* Briard Decl. ¶ 23. This is based on the "failure to reply to pleadings" principle set forth in Article 455 of the French Code of Civil Procedure. *Id*. Therefore, the Court of Cassation may consider whether the Court of Appeal "has failed to respond to all of STILEKS's arguments to the effect that the claim at issue is an investment within the meaning of Article 1 (6) of the EC Treaty (pages 91 to 128 of the pleadings)." *Id*.

Accordingly, the Court of Cassation has the authority to vacate the January 10, 2023, Paris Court of Appeal's decision and remand the case for new consideration.

Dated: December 22, 2023                    FISHERBROYLES LLP

<u>By:</u> /s/ *Gene M. Burd*
Gene M. Burd (D.C. Bar No. 1004330)
1200 G Street NW, Suite 800
Washington, DC 20005
Tel.    202.750.0529
gene.burd@fisherbroyles.com
Tiffany N. Compres (Fl Bar. No. 78118)
1221 Brickell Avenue Suite 900
Miami, Florida 33131
Tel.    305.342.2957
tiffany.compres@fisherbroyles.com

*Counsel for Petitioner LLC SPC Stileks*

4856-5058-4216, v. 1

4