UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LLC SPC STILEKS**,

  Petitioner,

  v.

**THE REPUBLIC OF MOLDOVA**,

  Respondent.

Case No. 14-cv-1921 (CRC)

## ORDER

In October 2013, an arbitral tribunal in Paris issued an award against the Republic of Moldova in favor of LLC SPC Stileks's predecessor-in-interest, Ukrainian energy provider Energoalliance. After confirming that award in August 2019, see LLC Komstroy v. Republic of Moldova, No. 14-cv-01921 (CRC), 2019 WL 3997385 (D.D.C. Aug. 23, 2019), this Court issued an order authorizing enforcement of judgment pursuant to 28 U.S.C. § 1610(c), see ECF No. 115. Subsequent developments in the European courts have since upended the basis for those judgments, however. Following an opinion from the Court of Justice of the European Union ("CJEU") interpreting the scope of the Energy Charter Treaty, the Paris Court of Appeals issued a decision in January 2023 finding that the arbitral tribunal lacked jurisdiction over the underlying dispute and, accordingly, vacating the arbitration award. With the award now quashed, Moldova filed a motion under Federal Rule of Civil Procedure 60(b) seeking relief from this Court's prior judgments.

Having considered the parties' briefs, the Court is inclined to agree with Moldova that such relief is warranted under Rule 60(b)(5), which permits courts to "relieve a party . . . from a final judgment" when the judgment "is based on an earlier judgment that has been reversed or vacated." At this juncture, however, the Court finds it would be premature to do so given that

Stileks may appeal the Paris Court of Appeals' decision to France's highest court, the Court of Cassation, on the basis that the Paris Court of Appeals (1) misapplied the CJEU's binding interpretation of the Energy Charter Treaty and (2) failed to adequately respond to the pleadings. See Supp. Mem., ECF No. 134.  Though these grounds for appeal seem limited, given the twists and turns already encountered, the Court deems the best course forward is to defer all further action until the French proceedings conclude.

 Accordingly, the Court denies Moldova's [126] Motion for Relief from Judgment without prejudice to renewal should the Court of Cassation uphold the Paris Court of Appeals' decision.  All enforcement of the Court's prior judgments in this matter is hereby stayed and prohibited until further order of this Court.

 **SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: January 19, 2024